IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W&T OFFSHORE, INC. § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | C.A. NO. 4:14-CV-02740 | |
| § | | |
| NATIONAL LIABILITY & FIRE § | | |
| INSURANCE COMPANY; INDEMNITY § | | |
| INSURANCE COMPANY OF NORTH § | | |
| AMERICA; NEW YORK MARINE & § | | |
| GENERAL INSURANCE COMPANY; § | | |
| NAVIGATORS INSURANCE COMPANY; § | | |
| and LIBERTY MUTUAL INSURANCE § | | |
| COMPANY, § | | |
| Defendants. § | | |

## LIBERTY'S MOTION TO DISMISS
## PURSUANT TO RULE 12(b)(6)

TO THE HONORABLE JUDGE HITTNER:

COMES NOW Liberty Mutual Insurance Company ("Liberty") to file this Motion to Dismiss for Failure to State a Claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and would respectfully show as follows:

### I. THE MOTION

Notwithstanding that Liberty is the only umbrella underwriter that has paid W&T Offshore, Inc. ("W&T") either principal or interest, W&T included Liberty in its suit against the other umbrella underwriters for removal of debris expenses.

W&T's sole claim against Liberty is that it breached *Tex. Ins. Code*

*§542.056* by not sending W&T a notice in March 2014 that it rejected W&T's claim when 1) four years before Liberty had written to W&T reserving its rights to deny coverage and 2) two years before Liberty had filed a complaint for a declaratory judgment of no coverage.  Any such notice in 2014 would have told W&T nothing it did not already know and would have been a vain and useless act.

From the face of W&T's complaint it is apparent that W&T is entitled to no further recovery from Liberty.  Accordingly, W&T's complaint against Liberty should be dismissed pursuant to *Fed. Rule of Civ. Proc. 12(b)(6)* for failure to state a cause of action.

## II. SUMMARY OF ARGUMENT

On February 9, 2010, Liberty wrote to W&T advising that its removal of debris claims would not be covered under Liberty's Umbrella Policy because the operator's extra expense ("OEE") and property damage claims that W&T was submitting under its Energy Package Policy would not reduce or exhaust the underlying limit of Liberty's Umbrella Policy.[1]

In August 2012, Liberty filed a complaint for declaratory judgment that it did not cover W&T's removal of debris claims, and W&T filed a counter claim for a declaration that its claims were covered.  By Final Judgment August 12, 2013,

---

[1] In the prior litigation, these policies were referred to as "Excess Liabilities Policies."   In its complaint herein, W&T refers to the policies as Umbrella Policies.  For the sake of consistency and simplicity, Liberty uses the term "Umbrella Policies."

2

Judge Hoyt ruled for Liberty and the other umbrella underwriters declaring that W&T's removal of debris claims were not covered.

W&T appealed and following the Fifth Circuit's reversal and ruling in favor of W&T in July 2014, Liberty paid W&T the principal amount of its claim and all interest due under the Prompt Payment Statute. Nevertheless, W&T sued Liberty claiming only that, after W&T's alleged submission of claim on March 13, 2014, Liberty breached the terms of *Tex. Ins. Code §542.056* by not writing to W&T to state that its claim was rejected.

In March of 2014, W&T already knew without question that Liberty rejected its claim. In fact, there was a Final Judgment from Judge Hoyt holding that W&T's claim was not covered. In this situation, *§542.056* does not require Liberty to tell W&T again what it already had expressed unequivocally. The law does not support a cause of action for W&T, and its claim should be dismissed.

### III. ALLEGATIONS OF THE COMPLAINT RELEVANT TO LIBERTY

Liberty subscribed to 50% of policy No. 2774 providing umbrella coverage in the amount of $10,000,000 to W&T. Doc. 1, para. 13. W&T owns a large number of offshore platforms, and, in Hurricane Ike in September 2008, W&T's platforms sustained damage, including debris that required removal. Doc. 1, para. 16-17. W&T stated its intention to exhaust its Energy Package of $150,000,000 (excess of a retention of $10,000,000) with claims for OEE and property damage.

Thereafter, W&T intended to submit removal of debris claims in excess of $50,000,000 to its umbrella underwriters. Doc. 1, para. 16-17.

By letter of February 9, 2010, Liberty issued a reservation of rights to deny coverage to W&T for its removal of debris claims. Doc. 1, para. 17. The basis of denial was that only claims which would have been covered by the Umbrella Policies qualified to reduce or exhaust the underlying limit. Umbrella underwriters did not cover OEE and property damage, and, accordingly, those claims would not reduce or exhaust the underlying limit. Doc. 1, para. 17-18.

In August 2012, Liberty filed a complaint for declaratory judgment of no coverage under its umbrella policy, and the suit was consolidated with similar actions filed by the other umbrella underwriters as *IINA et al v. W&T Offshore, Inc.*, C.A. No. 4:12-CV-02469 (U.S.D.C. S.D. Tex.). Doc. 1, para. 19. W&T filed a counter claim for a declaration that there was coverage. Doc. 1, para. 20. In view of the reservation of rights and the complaint for declaratory judgment of no coverage, W&T fully understood that Liberty rejected its claim for removal of debris expenses.

On August 13, 2013, Judge Hoyt issued Final Judgment for Liberty and the other umbrella underwriters declaring that W&T's claims were not covered. Doc. 1, para. 21; *see also* C.A. No. 4:12-CV-02469*; IINA et al. v. W & T Offshore, Inc.*, U.S.D.C. S.D. Tex, Doc. 85. W&T appealed, and the appeal was not decided until

the Fifth Circuit's ruling on rehearing on July 22, 2014, and the issuance of the mandate on July 30, 2014. Exhibits to W&T's complaint, Doc. 1-3, 1-4.

W&T alleges that, in the meantime, the adjuster had completed its review of claims under the Energy Package Policy and claims for removal of debris and that the Energy Package underwriters paid the underlying limit. W&T further alleges that by an adjuster's report of March 13, 2014, W&T made claim for payment under the Liberty and other umbrella policies.[2] While Liberty made no further response to W&T's alleged submission of claim, by virtue of its reservation of rights and complaint for declaratory judgment of no coverage, W&T was fully aware that Liberty rejected W&T's claim.

On June 14, 2014, the Fifth Circuit issued its opinion reversing Judge Hoyt and rendering judgment in favor of W&T declaring that its claim for removal of debris expenses was covered. Exhibits to W&T's complaint, Doc. 1-1, 1-2. Liberty and the other umbrella insurers filed motions for rehearing, which were denied on July 22, 2014. Exhibit to W&T's complaint, Doc. 1-3. The judgment in favor of W&T was issued as mandate on July 30, 2014. Exhibit to W&T's complaint, Doc. 1-4.

Following reversal by the Fifth Circuit, on August 15, 2014, Liberty paid W&T its $5,000,000 limit of liability plus interest of $197,260. Doc. 1, para. 40,

---

[2] Liberty is unable to confirm that it received the report of March 13, 2014 but, for purposes of this Rule 12 motion, accepts that the report was transmitted to Liberty on that date.

51. This included all interest due under the Prompt Payment Statute. *Tex. Ins. Code Ch. 542*. The statute requires payment 60 days after the insured has submitted all necessary information and a final proof of loss, and, in cases such as this in which a hurricane is involved, an additional 15 days is allowed. *Cox Operating, LLC v. St. Paul Surplus Line Ins. Co.*, 2013 U.S. Dist. LEXIS 116098 * 9-11 (S.D. Tex. Aug. 16, 2013) (J. Miller, presiding). Counting from the date W&T alleges it submitted its claim, March 13, 2014, 45 days later is May 27, 2014. From May 27, 2014 to the date of payment, August 15, 2014 is 80 days. Interest on the principal amount of $5,000,000 at the penalty interest rate of 18% for 80 days is $197,260, which is what Liberty paid.

In fact, W&T does not challenge Liberty's calculation of penalty interest on any basis other than the alleged breach of *§542.056*. According to W&T, the alleged breach of *§542.056* caused interest to begin accruing on April 19, 2014, and W&T sues for an additional $96,165 in interest. Doc. 1, para. 51, note 1.

### IV. ARGUMENT AND AUTHORITY

**A.    Legal Standard**

Liberty's Motion to Dismiss is grounded in Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.

2001) *cert. denied sub nom Cloud v. United States*, 536 U.S 960 (2002). Thus, dismissal of plaintiff's claim under Rule 12(b)(6) is appropriate when plaintiff's pleading on its face, shows, beyond a doubt, that the plaintiff cannot prove any set of facts that would entitle it to relief. *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995). The court must accept the factual allegations of the complaint as true, view them in the light most favorable to the plaintiffs, and draw all reasonable inferences in the plaintiff's favor. *Id.*

The purpose of *Rule 12* is to test the sufficiency of the plaintiff's claim for relief at the outset of the case. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 516, (5th Cir. 1980) (citing 5 Wright and Miller, Federal Practice and Procedure, § 1356 at p. 590 (1969)). It is designed to expedite and simplify litigation by avoiding the costs of discovery and trial when the plaintiff's complaint is based on a false legal premise. *Neitzke v. Williams,* 490 U.S. 319, 326-27, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989); 5A WRIGHT & MILLER, § 1342, at 161. Here, W&T's complaint should be dismissed at the outset because it is legally insufficient, and further litigation would be a waste of legal resources.

**B.     W&T's Complaint fails to state a cause of action upon which relief can be granted**

W&T's only complaint against Liberty is breach of the requirement of *§542.056* that it accept or reject the claim that W&T allegedly submitted on March 13, 2014. W&T fails to state a cause of action because, from the face of W&T's

7

own complaint, it is clear that Liberty rejected W&T's claim 1) in the reservation of rights of February 9, 2010 and 2) in the complaint for declaratory judgment of no coverage filed in August 2012. Further, as of March 2014, there was a final judgment from the district court holding that W&T's claim was not covered.

On March 13, 2014, W&T had no doubt that Liberty denied its claim. Any additional correspondence to W&T stating that its claim was rejected would have told W&T only what it already knew. Accordingly, there was no breach of *§542.056*.

That W&T fails to state a cause of action is demonstrated by *Mid-Century Ins. Co. of Texas v. Boyte*, 80 SW.3d 546 (Tex. 2002) (*per curiam*). In *Boyte*, the insured obtained a judgment against the carrier for uninsured motorist coverage benefits and then filed a new suit against the insurer alleging breach of *Art. 21.21* of the Insurance Code based on the insured's failure to pay the full amount of the judgment while the case was on appeal.[3] *Id.*, 80 SW.3d at 547. The Texas Supreme Court held that there was no breach of the Insurance Code because, following judgment, the insurer's duty of good faith was terminated in lieu of a judgment creditor-debtor relationship with the insured. *Id.*, 80 SW.3d at 549. The Court stated that the concern giving rise to the duty of good faith is the disparity in bargaining power inherent in the insurer-insured relationship, a concern which

---

[3] *Art. 21.21* of the Texas Insurance Code was the predecessor of *Ch. 542*.

does not exist in the judgment creditor-debtor relationship. *Id*. 80 SW.3d at 548.

The holding in *Boyte* was applied to *§542.056* in *Doss v. Warranty Underwriters Ins. Co.*, 2012 Tex. App. LEXIS 9591 (App. 4th Dist. 2012). Doss obtained a judgment against Warranty Underwriters. Two years after payment, Doss filed suit against Warranty Underwriters for breach of the Prompt Payment Statute. The court noted that the Prompt Payment Statute, including *§542.056*, pertains to the rights and obligations of insureds and insurers. *Id*. at * 5-6. Relying on *Boyte*, the court held that the unfair settlement provisions of the Prompt Payment Statute, including Section 542.056, applied only to "claims." *Id*. Because judgment had been issued in favor of Doss, his relationship with Warranty Underwriters had changed to judgment creditor-debtor, and, accordingly, the provisions of the Prompt Payment Statute did not apply to his second suit. *Id*., * 6-7.

W&T's claim against Liberty is governed by *Boyte* and *Doss*. *§542.056* requires the insurer to state whether it accepts or rejects the claim. In March of 2014, the relationship of W&T and Liberty as to whether Liberty accepted or rejected W&T's claim was as judgment creditor-debtor. Judge Hoyt's judgment held that W&T's claim was not covered, and W&T's remedy was to appeal the judgment. The result is that *§542.056* does not apply, and W&T fails to state a cause of action.

9

Moreover, this conclusion is entirely logical and reasonable. On March 13, 2014, W&T was well aware that Liberty rejected its claim. Accordingly, a further notice to W&T that Liberty rejected its claim would have been a vain and useless act. Pursuant to the principle of *injuria absque damno*, the law does not support causes of action for failure to do a vain and useless thing.[4] Any failure of Liberty to send a redundant notice of rejection caused no damage to W&T, and damage is an essential element of a cause of action.[5]

This conclusion is also supported by *Foster v. Allstate Ins. Co.*, 239 Fed. Appx. 52 (5th Cir. Tex. 2007) (*per curiam*). Foster sued Allstate for mold damages. The parties disagreed on the amount of the claim, and an appraisal process ensued. Nevertheless, Foster sued Allstate for breach of contract and violation of the Texas Insurance Code. The jury returned a verdict that the Code provisions had been breached but awarded $0 damages. On appeal, the court specifically addressed Foster's claim that Allstate had failed timely to accept or reject his claim. The appeals court affirmed the jury verdict and stated:

> It follows, then, that the jury could plausibly have awarded the Fosters $0.00 in damages for breach of timeliness, classifying it as only a technical violation of a state timing statute that produced no damages. *Id.*, 239 Fed. Appx. 55.

---

[4] *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 473, 1997 U.S. App. LEXIS 2718, 19 (7th Cir. 1997) (citing *Black's Law Dictionary* 785 (6th ed. 1990)).

[5] *Shumate & Co. v. National Asso. of Sec. Dealers, Inc.*, 509 F.2d 147, 152, 1975 U.S. App. LEXIS 15797, 9-10 (5th Cir. 1975)

While Liberty denies that it breached *§542.056*, *Foster* supports the conclusion that W&T has no cause of action for the alleged failure of Liberty to send a second, redundant rejection of its claim because it caused no damage.

## V. CONCLUSION

*Rule 12* exists for the purpose of dismissing claims that fail to state a cause of action without the necessity of the parties engaging in purposeless discovery and trial.

W&T's claim against Liberty is a prime example of a claim that should be dismissed at the outset of the case. Precedent and logic show that it fails to state a cause of action, and further proceedings on W&T's claim would gain nothing.

Accordingly, the Court should dismiss W&T's claim against Liberty with prejudice.

> Respectfully submitted:
>
> FOWLER RODRIGUEZ
>
> By:  /s/  *Edward LeBreton, III*
>       Edward LeBreton, III
>       Texas State Bar No. 00789066
>       Federal Id. No. 23016
>       Email:  lebreton@frfirm.com
>       Mary Holmesly
>       Texas State Bar No. 24057907
>       Federal Id. No. 890192
>       Email: mholmesly@frfirm.com
>       1331 Lamar Street, Suite 1560
>       Houston, Texas 77010
>       Telephone: (713) 654-1560

Facsimile: (713) 654-7930

**ATTORNEYS-IN-CHARGE FOR PLAINTIFF, LIBERTY MUTUAL INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent to all counsel and parties of record in accordance with the Federal Rules of Civil Procedure on this the 13th day of November, 2014.

*/s/ Edward LeBreton, III*
Edward LeBreton, III