IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W&T OFFSHORE, INC., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C. A. NO.  4:14-CV-02740 |
| | § | |
| NATIONAL LIABILITY & FIRE | § | |
| INSURANCE COMPANY; | § | |
| INDEMNITY INSURANCE | § | |
| COMPANY OF NORTH AMERICA; | § | |
| NEW YORK MARINE & GENERAL | § | |
| INSURANCE COMPANY; | § | |
| NAVIGATORS INSURANCE | § | |
| COMPANY; AND | § | |
| LIBERTY MUTUAL | § | |
| INSURANCE COMPANY, | § | |
| *Defendants.* | § | |

---

**W&T OFFSHORE, INC.'S MOTION FOR
PARTIAL SUMMARY JUDGMENT AGAINST
NATIONAL LIABILITY & FIRE INSURANCE COMPANY ("STARR")
AS TO COVERAGE-BASED DEFENSES**

---

Warren W. Harris
warren.harris@bgllp.com
Jeffrey L. Oldham
jeff.oldham@bgllp.com
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
Telephone: (713) 221-1490
Facsimile:  (713) 221-2199

Matthew S. Parish
Attorney-in-Charge
mparish@ttsslawfirm.com
Keith R. Taunton
ktaunton@ttsslawfirm.com
TUCKER TAUNTON SNYDER & SLADE
10370 Richmond Avenue, Suite 1400
Houston, Texas 77042
Telephone:  (713) 961-5800
Facsimile:   (713) 993-2308

Attorneys for Plaintiff, W&T Offshore, Inc.

## <u>TABLE OF CONTENTS</u>

<u>***Page***</u>

INDEX OF AUTHORITIES........................................................................... ii

FACTUAL BACKGROUND ..........................................................................2

SUMMARY OF THE ARGUMENT ..............................................................9

ARGUMENT AND AUTHORITIES............................................................11

   I. Issue Preclusion Bars Starr's Coverage-Based Defenses Because They
      Seek To Re-Litigate The Coverage Issue Decided By The Fifth
      Circuit ...........................................................................................12

   II. Claim Preclusion Separately Bars Starr's Coverage-Based Defenses ..........17

CONCLUSION AND PRAYER ...................................................................20

CERTIFICATE OF SERVICE ....................................................................22

EXHIBITS  ..................................................................................................23

# TABLE OF AUTHORITIES

*Cases*                                                                                          *Page(s)*

*Aerojet-Gen. Corp. v. Am. Excess Ins. Co.*,
   117 Cal. Rptr. 2d 427, 97 Cal. App. 4th 387 (Cal. Ct. App. 2002)..............13, 18

*Allan Block Corp. v. Cnty. Materials Corp.*,
   512 F.3d 912 (7th Cir. 2008) ....................................................................................11, 12

*Bankers & Shippers Ins. Co. of N.Y. v. Electro Enters., Inc.*,
   415 A.2d 278 (Md. 1980) ..................................................................................18

*Barr v. Resolution Trust Corp. ex. rel Sunbelt Fed. Sav.*,
   837 S.W.2d 627 (Tex. 1992) ..............................................................................18, 19

*CBS Outdoor, Inc. v. Potter*,
   No. 01-11-00650-CV, 2013 WL 269091 (Tex. App.—Houston
   [1st Dist.] Jan. 24, 2013, pet. denied) ..........................................................12, 18

*Citizens Ins. Co. of Am. v. Daccach*,
   217 S.W.3d 430 (Tex. 2007) ..............................................................................18

*Ellis v. Amex Life Ins. Co.*,
   211 F.3d 935 (5th Cir. 2000) ..............................................................................18

*Empire Fire & Marine Ins. Co. v. Transport, Inc.*,
   880 F.2d 1291 (11th Cir. 1989) ..............................................................12, 13, 17

*Harborside Refrigerated Servs., Inc. v. Vogel*,
   959 F.2d 368 (2d Cir. 1992) ....................................................................................11, 12

*Howe v. Nelson*,
   135 N.W.2d 687 (Minn. 1965) ..............................................................................18, 20

*Indem. Ins. Co. of N. Am. v. W&T Offshore, Inc.*,
   No. 4:12-CV-02469 (S.D. Tex.) (Hoyt, J.)..........................................................3

*Indem. Ins. Co. of N. Am. v. W&T Offshore, Inc.*,
   756 F.3d 347 (5th Cir. 2014) ..........................................................5, 8, 9, 15, 16

*Page(s)*

*Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*,
    575 F.2d 530 (5th Cir. 1978) ....................................................11, 12, 18

*Martin v. Martin, Martin & Richards, Inc.*,
    989 S.W.2d 357 (Tex. 1999) ..........................................................12, 18

*MBM Fin. Corp. v. The Woodlands Operating Co.*,
    292 S.W.3d 660 (Tex. 2009) ..........................................................12, 18

*Mid-Continent Cas. Co. v. Safe Tire Disposal Corp.*,
    2 S.W.3d 393 (Tex. App.—San Antonio 1999, no pet.) ....................17

*Semtek Int'l, Inc. v. Lockheed Martin Corp.*,
    531 U.S. 497 (2001).............................................................................11

*Stryker Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*,
    681 F.3d 819 (6th Cir. 2012) ........................................................13, 17

*Sysco Food Servs., Inc. v. Trapnell*,
    890 S.W.2d 796 (Tex. 1994) ........................................................13, 14

*In re Texas Wyo. Drilling, Inc.*,
    647 F.3d 547 (5th Cir. 2011) .............................................................11

*Truck Ins. Exch. v. Mid-Continent Cas. Co.*,
    320 S.W.3d 613 (Tex. App.—Austin 2010, no pet.).........................11

*Valley Oil Co. v. City of Garland*,
    499 S.W.2d 333 (Tex. App.—Dallas 1973, no writ).........................11

**Statutes**

28 U.S.C. § 1291 .....................................................................................19

28 U.S.C. § 1332(a) .................................................................................19

28 U.S.C. § 2201(a) .................................................................................19

28 U.S.C. § 2202 .....................................................................................11

*Page(s)*

**Other Authorities**

10B CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE,
FEDERAL PRACTICE AND PROCEDURE § 2771 (3d ed. 2013) .........................11, 12

18A CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H.
COOPER, FEDERAL PRACTICE & PROCEDURE § 4446 (2d ed. 2002) ........11, 12, 13

RESTATEMENT (SECOND) OF JUDGMENTS § 33 (1982) .................................11, 12, 18

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W&T OFFSHORE, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C. A. NO.  4:14-CV-02740 |
| | § | |
| NATIONAL LIABILITY & FIRE | § | |
| INSURANCE COMPANY; | § | |
| INDEMNITY INSURANCE | § | |
| COMPANY OF NORTH AMERICA; | § | |
| NEW YORK MARINE & GENERAL | § | |
| INSURANCE COMPANY; | § | |
| NAVIGATORS INSURANCE | § | |
| COMPANY; AND LIBERTY MUTUAL | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendants.* | § | |

## W&T OFFSHORE INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST NATIONAL LIABILITY & FIRE INSURANCE COMPANY ("STARR") AS TO COVERAGE-BASED DEFENSES

This lawsuit arises out of the failure by National Liability & Fire Insurance Company ("Starr"), among other insurers, to pay claims by W&T Offshore, Inc. ("W&T") under umbrella policies covering W&T's costs for removal of wreck and debris ("ROW/D") in the aftermath of Hurricane Ike.  In a prior lawsuit, Starr and W&T sought declarations regarding whether the policies cover W&T's ROW/D costs.  The U.S. Court of Appeals for the Fifth Circuit resolved that coverage suit by rendering judgment for W&T, holding that the policies cover W&T's ROW/D

costs.  Yet, having now been presented with W&T's claim, Starr refuses to pay certain amounts due.  Among its affirmative defenses to this lawsuit for payment, Starr continues its efforts to avoid the Fifth Circuit's judgment by offering yet more coverage-based arguments.  None of Starr's defenses have merit, but because they are squarely foreclosed by issue preclusion and/or claim preclusion, W&T moves for summary judgment on them on preclusion grounds.

## FACTUAL BACKGROUND

### *The Parties' Insurance Agreements And W&T's Loss*

1.    W&T engages in exploration and development of offshore oil and gas resources.  The Defendants include Starr, Indemnity Insurance Company of North America ("IINA"), New York Marine & General Insurance Company ("New York Marine"), Navigators Insurance Company ("Navigators"), and Liberty Mutual Insurance ("Liberty") (collectively, "Underwriters").  Each of the Underwriters are participating in excess-insurance policies providing coverage to W&T.

2.    Specifically, W&T acquired from Underwriters a series of excess-insurance policies—Policy Nos. MS-S 2774, MS-S 2775, and MS-S 2776 (the "Umbrella Policies")—which provide W&T with reimbursement for, *inter alia*, ROW/D costs.[1]  W&T incurred substantial damages during Hurricane Ike, and in September 2008, it notified Underwriters of potential claims for losses to many

---

[1] W&T Offshore, Inc.'s Orig. Compl. (Doc. 1), pp. 4-5, on file with the Court.

2

offshore assets.[2]  In February 2012, Underwriters were advised the costs and expenses associated with W&T's ROW/D operations could exceed $50 million.[3]

### *The Declaratory Judgment "Coverage" Action In The District Court*

3.    In August 2012, before W&T even had a claim to make for its ROW/D costs, some Underwriters brought declaratory-judgment actions against W&T, arguing that the ROW/D losses would not be covered by the Umbrella Policies.[4] Starr joined the suit in November 2012, seeking "a declaration of its rights and obligations under a group of excess-liability policies."[5]  Starr asked "the Court to settle important questions concerning W&T's excess-liability insurance coverage and to determine Starr's rights and obligations under the policies at issue."[6]  Starr reported that W&T had "conveyed its intention to present its [ROW/D] costs to the [Umbrella Policies] for consideration," but that the parties disagreed "regarding the excess-liability coverage afforded to W&T for its [ROW/D] expense."[7]  According to Starr, the "Court's declaration regarding coverage will confer certainty as to the existing rights and obligations under Starr's excess-liability policies."[8]

---

[2] *Id.* at pp. 5-6.

[3] Status Advice from Braemar Adjusting (No. 4:12-CV-02469, Doc. 1-2), attached as Ex. A.

[4] *See Indem. Ins. Co. of N. Am. v. W&T Offshore, Inc.*, No. 4:12-CV-02469 (S.D. Tex.) (Hoyt, J.).

[5] *See* Starr's Compl. for Decl. J. (No. 4:12-CV-02469, Doc. 36), p. 1, attached as Ex. B.

[6] *Id.* at p. 4.

[7] *Id.*

[8] *Id.*

4.     W&T counterclaimed for declaratory relief, explaining the Umbrella Policies and arguing, *inter alia*, that those policies' "plain language . . . provides W&T with coverage for its ROW/D claims," and that "Starr is liable for its respective shares of W&T's ROW/D expenses."[9]  W&T sought declarations that, *inter alia*, the relevant policies "provide[] coverage for W&T's ROW/D expenses arising from Hurricane Ike" and, "[u]pon satisfaction of the Retained Limit applicable to the [relevant policies], Starr must reimburse W&T for W&T's incurred ROW/D expenses up to its subscribing share" of the policies.[10]

5.     Underwriters and W&T later filed summary-judgment motions, with W&T arguing that its ROW/D costs are covered by the Umbrella Policies, and asking for (as its relief requested) the declarations sought in its counterclaims.[11]

6.     Judge Hoyt granted Underwriters' summary-judgment motions and denied W&T's motion, concluding the Umbrella Policies do not cover W&T's ROW/D costs.[12]  The Court accepted Underwriters' contention that the Umbrella Policies required W&T to exhaust its underlying insurance on losses also covered by the

---

[9] W&T Offshore, Inc.'s Orig. Answer to Pl. Nat'l Liability & Fire Ins. Co.'s Compl. and Decl. J. and Countercl. (No. 4:12-CV-02469, Doc. 42), p. 5, attached as Ex. C; *see id.* at pp. 3-5.

[10] *Id.* at p. 6.

[11] W&T Offshore, Inc.'s Partial Mot. for Summ. J. (No. 4:12-CV-02469, Doc. 50), pp. 3-4, attached as Ex. D.

[12] *See* Final J. (No. 4:12-CV-02469, Doc. 85), attached as Ex. E.

Umbrella Policies (*i.e.*, ROW/D costs) in order for Underwriters' excess obligations under the Umbrella Policies to be triggered.[13]

### *The Fifth Circuit's Judgment on Coverage*

7.    On June 23, 2014, the Fifth Circuit issued an opinion reversing the district court's judgment, rejecting Underwriters' asserted argument for refusing coverage, and "render[ing] summary judgment in favor of W&T."[14]    Because W&T's summary-judgment motion had requested the relief sought in its declaratory counterclaim,[15] the Fifth Circuit's rendition of judgment for W&T granted declarations that, *inter alia*, the relevant policies "provide[] coverage for W&T's ROW/D expenses arising from Hurricane Ike" and, "[u]pon satisfaction of the Retained Limit applicable to the [policies], Starr must reimburse W&T for W&T's incurred ROW/D expenses up to its subscribing share."[16]

### *Starr's Appellate Efforts To Avoid The Fifth Circuit's Judgment*

8.    Each Underwriter moved for rehearing on different grounds.  Starr argued that the Fifth Circuit's judgment had to be amended to reflect its right to proceed in

---

[13] *See* Mem. Op. & Or. (No. 4:12-CV-02469, Doc. 83), pp. 6-10, attached as Ex. F.

[14] *Indem. Ins. Co. of N. Am. v. W&T Offshore, Inc.*, 756 F.3d 347, 355 (5th Cir. 2014), attached as Ex. G; *see id.* at 349, 352-55.

[15] *See* Ex. D (W&T's Partial Mot. for Summ. J.), p. 4, *supra* note 11.

[16] Ex. C (W&T's Answer & Declaratory-J. Countercl.), p. 6, *supra* note 9.

5

the district court on an issue "unique" to its policy that was not decided below.[17] Starr claimed it could not be bound by the contract that was the subject of the Fifth Circuit's opinion and asked the Fifth Circuit to remand the case for further proceedings on coverage.[18] The Fifth Circuit requested a response.[19]

9.  W&T's response argued that Starr's contentions were meritless because the parties litigated the case using—and thus the Fifth Circuit decided the coverage question based on—Starr's version of the Umbrella Policies, and that the key coverage language in all the policies is the same.[20] W&T also argued that any additional coverage arguments were waived: W&T had sought summary judgment for a full declaration of coverage for its ROW/D costs, and Starr had every opportunity to assert any bases for opposing that relief, yet it failed to adequately brief any additional arguments—in the district court *and* in the Fifth Circuit.[21] Either on the merits or due to waiver, Starr's coverage arguments were foreclosed.

10.  On July 22, 2014, the Fifth Circuit denied rehearing, refusing Starr's request to remand for additional coverage arguments.[22]

---

[17] *See* Mot. to Amend J. [ ] & Pet. for Panel Reh'g of Starr Marine (No. 13-20512, Doc. 00512688798), p. 1, attached as Ex. H.

[18] *Id.* at pp. 1-5.

[19] *See* July 14, 2014 Letter (No. 13-20512, Doc. 00512697660), attached as Ex. I.

[20] *See* Resp. to Starr's Pet. for Reh'g (No. 13-20512, Doc. 00512702850), pp. 2-10, attached as Ex. J.

[21] *See id.* at pp. 10-14.

[22] Order on Pets. for Reh'g (No. 13-20512, Doc.00512707764), attached as Ex. K.

*Starr's Initial District-Court Effort To Avoid The Fifth Circuit's Judgment*

11.   On August 27, Starr took the unusual step of filing a motion asking Judge Hoyt to amend the Fifth Circuit's judgment, repeating a number of the coverage arguments Starr had included in its appellate rehearing motion.[23]  W&T responded that the district court lacked jurisdiction, that Starr's motion was procedurally improper and untimely, that Starr's arguments were precluded, and that Starr's arguments were waived and meritless.[24]  Judge Hoyt denied Starr's motion.[25]

*Starr's Renewed Attempt Here To Avoid The Fifth Circuit's Judgment*

12.   Notwithstanding the Fifth Circuit's final determination on coverage, and despite the Fifth Circuit's and Judge Hoyt's refusals to re-open the issue, Starr continues to dispute—in this case—whether it owes coverage obligations to W&T. Among its affirmative defenses to W&T's lawsuit seeking payment and other related damages, Starr asserts in ¶¶ 1-3 that certain policy terms and alleged fraud by W&T's broker preclude coverage (hereinafter, "coverage-based defenses").[26]

13.   In defense ¶¶ 1 and 2, Starr argues that some policy provisions preclude coverage for W&T's ROW/D costs.  For example, Starr contends "W&T failed to

---

[23] *See* Starr's Mot. to Amend the J. (No. 4:12-CV-02469, Doc. 108), attached as Ex. L.

[24] *See* W&T's Resp. to Starr's Mot. to Amend the J. (No. 4:12-CV-02469, Doc. 113), attached as Ex. M.

[25] *See* Order Denying Mot. to Amend J. (No. 4:12-CV-02469, Doc. 114), attached as Ex. N.

[26] Starr's Orig. Answer (Doc. 4), pp. 9-11, on file with the Court.

properly exhaust the debris-removal sublimit,"[27] notwithstanding that under the Fifth Circuit's judgment, there is no restriction on how W&T exhausted underlying insurance and there is no requirement that underlying insurance be exhausted on ROW/D costs.[28]  Starr also claims "the language of the excess-liabilities policies" bars a breach claim,[29] notwithstanding that the Fifth Circuit interpreted the Umbrella Policies and held W&T is entitled to coverage under them, even refusing Starr's requests for a remand to assert more coverage arguments.[30]

14.  Further, Starr points to other policy conditions that it contends preclude "coverage": that W&T allegedly failed to maintain policies listed in the Schedule of Underlying Insurance, failed to renew the listed policies with equally or less restrictive coverage, and improperly changed the limits of the listed policies.[31]  Yet Starr could have, but never did, mention these points in the declaratory-judgment action addressing—and resolving—coverage.

15.  Starr also now argues that W&T cannot obtain reimbursement because the broker committed fraud.[32]  Starr contends that but for this fraud, the Umbrella Policies would have included reference to a "debris-removal sublimit" that would

---

[27] *Id.* at 9, ¶ 1.

[28] *See Indem. Ins. Co. of N. Am.*, 756 F.3d at 353-55.

[29] *See* Starr's Orig. Answer, p. 9, ¶ 2, *supra* note 26.

[30] *See Indem. Ins. Co. of N. Am.*, 756 F.3d at 353-55; *see supra* pp. 5-6 (summarizing rehearing filings and order refusing a remand for additional proceedings on coverage).

[31] *See* Starr's Orig. Answer, p. 9, ¶ 1, *supra* note 26.

[32] *See id.* at pp. 9-11, ¶ 3.

have required W&T to use underlying insurance on ROW/D costs and thus would allegedly avoid coverage here.[33]  Starr presses this argument, notwithstanding that the Fifth Circuit has resolved coverage and held W&T is entitled to reimbursement regardless of how underlying insurance was exhausted.[34]

## <u>SUMMARY OF THE ARGUMENT</u>

16.  Starr's coverage-based defenses are thinly-veiled attempts to have this Court allow the rehearing that both the Fifth Circuit and Judge Hoyt refused. While each of Starr's coverage-based defenses would fail on the merits, summary judgment is proper on them because they are precluded by the Fifth Circuit's prior judgment that W&T is entitled to coverage.

17.  First, Starr's defenses are foreclosed by issue preclusion (collateral estoppel) because they contest issues that were *actually litigated* in the prior suit. The parties litigated, and the Fifth Circuit's judgment resolved, the "issue" of W&T's entitlement to coverage for its ROW/D costs, including when that coverage would be triggered.  Each of Starr's coverage-based defenses now seeks to re-litigate that issue, raising new policy terms or arguments against coverage. Collateral estoppel squarely precludes Starr's attempt at re-litigation.  That is especially true—making issue preclusion particularly warranted—as to Starr's arguments that the Umbrella Policies must be treated as requiring W&T to have

---

[33] *Id.*

[34] *See Indem. Ins. Co. of N. Am.*, 756 F.3d at 353-55.

used underlying insurance on ROW/D costs.  While Starr offers a new theory for that position, the fact is that the Fifth Circuit decided—after the parties litigated the issue—that W&T is entitled to coverage regardless of how it used underlying insurance.  Likewise, to the extent Starr's defense in ¶ 2 based on "the language of the [Umbrella Policies]" contests coverage, it is collaterally estopped by the Fifth Circuit's ruling.  Summary judgment is warranted on all coverage-based defenses.

18.  Second, to the extent it is even needed here, claim preclusion (res judicata) also would foreclose Starr's defenses.  While all courts agree that prior declaratory judgments have issue-preclusive effect, most courts also apply a modified form of claim preclusion to bar parties who lost in the prior action from raising, "as to the matters declared" in the prior declaratory judgment, any claims that were or could have been asserted in that action.  That would apply here because Starr's coverage-based defenses implicate the same nucleus of operative facts as in the prior declaratory-judgment action, which involved the same parties and ended with the Fifth Circuit's final judgment.  The prior judgment declared that the Umbrella Policies cover W&T's ROW/D costs and entitle W&T to reimbursement for those costs upon satisfaction of the Retained Limit.  Settled law precludes Starr from now asking this Court to interpret the Umbrella Policies so as to avoid coverage, or to refuse coverage or the right to reimbursement, based on other terms in the Umbrella Policies or the alleged fraud of W&T's broker.  However Starr tries to

characterize these arguments, they seek to avoid coverage in contravention of the Fifth Circuit's judgment.  Claim preclusion bars the coverage-based defenses.

## ARGUMENT AND AUTHORITIES

19.  Texas preclusion principles likely control the questions here,[35] but W&T cites both Texas and federal authorities because the principles appear largely the same.  Determining whether preclusion applies is a question of law.[36]

20.  In deciding the preclusive effect of a prior declaratory judgment, special rules apply.[37]  For claim preclusion, all agree that a party who wins a declaratory judgment is not barred from pursuing further relief consistent with the declaratory relief, even where (unlike here) the claims could have been asserted previously.[38] But most courts hold that claim preclusion bars attempts to re-litigate "the matters

---

[35] *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001) (preclusive effect of federal *diversity* judgment is determined by federal common law, which generally incorporates the preclusion law of the state in which the federal court sits); *see, e.g.*, *Truck Ins. Exch. v. Mid-Continent Cas. Co.*, 320 S.W.3d 613, 618 & n.3 (Tex. App.—Austin 2010, no pet.) (noting Texas Supreme Court has not resolved what law applies under *Semtek* to federal diversity judgment, but (like other cited Texas courts) deciding to apply Texas law).

[36] *See, e.g.*, *In re Texas Wyo. Drilling, Inc.*, 647 F.3d 547, 550 (5th Cir. 2011) (*citing Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004)).

[37] *See generally* Restatement (Second) of Judgments § 33 (1982) (addressing preclusive effects of declaratory judgments); 10B Charles A. Wright, Arthur R. Miller & Mary Kay Kane ("Wright & Miller"), Federal Practice and Procedure § 2771 (3d ed. 2013) (same); 18A Wright & Miller, Federal Practice and Procedure § 4446 (2d ed. 2002) (same).

[38] *See Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 536-37 (5th Cir. 1978); *Valley Oil Co. v. City of Garland*, 499 S.W.2d 333, 335-36 (Tex. App.—Dallas 1973, no writ); *see, e.g.*, *Allan Block Corp. v. Cnty. Materials Corp.*, 512 F.3d 912, 916-17 (7th Cir. 2008); *Harborside Refrigerated Servs., Inc. v. Vogel*, 959 F.2d 368, 372-73 (2d Cir. 1992); *see generally* 28 U.S.C. § 2202 ("further relief" allowed after declaratory judgment); Restatement (Second) of Judgments § 33 cmt. c (declaratory judgment does not preclude action for further relief consistent with declaratory judgment).

11

declared" in the declaratory judgment by raising any claims that were or could have been asserted in the prior action.[39]  For issue preclusion, ordinary principles apply, with the Restatement provision followed by nearly all courts recognizing that the difference between issue preclusion, and claim preclusion as modified for declaratory judgments, is slight (if any) except for default judgments.[40]

## I. Issue Preclusion Bars Starr's Coverage-Based Defenses Because They Seek To Re-Litigate The Coverage Issue Decided By The Fifth Circuit.

21.  Settled issue-preclusion principles provide W&T with a straightforward basis for summary judgment, barring Starr's attempt to re-litigate the coverage issue decided in the prior declaratory judgment.[41]  The Eleventh Circuit has held

---

[39] RESTATEMENT (SECOND) OF JUDGMENTS § 33 & cmts. b, e; *see MBM Fin. Corp. v. The Woodlands Operating Co.*, 292 S.W.3d 660, 670 & nn.55, 58 (Tex. 2009) (approvingly citing Restatement § 33 in addressing distinct issue); *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1999) (approvingly citing Restatement § 33 in addressing preclusive effect of judgment dismissing with prejudice a claim for declaratory relief); *see, e.g.*, *Harborside Refrigerated Servs.*, 959 F.2d at 372; *see generally* 10B WRIGHT & MILLER § 2771 (reciting principles and collecting cases); 18A WRIGHT & MILLER § 4446 (same); *cf. Kaspar*, 575 F.2d at 536-38 (suggesting same conclusion under issue preclusion, but not foreclosing possibility of claim preclusion, and not deciding issue because prior judgment was consent-decree dismissal); *but see CBS Outdoor, Inc. v. Potter*, No. 01-11-00650-CV, 2013 WL 269091, at *4 (Tex. App.— Houston [1st Dist.] Jan. 24, 2013, pet. denied) (mem. op.) (stating in dicta, without analysis, that only issue preclusion applies in declaratory-judgment context).

[40] *See* RESTATEMENT (SECOND) OF JUDGMENTS § 33 (declaratory judgment "is conclusive in a subsequent action between [the parties] as to the matters declared, *and, in accordance with the rules of issue preclusion, as to any issue actually litigated by them and determined in the action*") (emphasis added); *see also id.* cmts. b, e (issue preclusion applies; recognizing the "line between [claim preclusion in declaratory-judgment context] and [issue preclusion] is necessarily indistinct," but addressing default situation); 10B WRIGHT & MILLER § 2771 (issue preclusion applies); 18A WRIGHT & MILLER § 4446 (same).

[41] *See, e.g.*, *Allan Block Corp.*, 512 F.3d at 916 (issue preclusion applies); *Empire Fire & Marine Ins. Co. v. Transport, Inc.*, 880 F.2d 1291, 1296-99 (11th Cir. 1989) (same); *Kaspar*, 575 F.2d at 536-37 (issue preclusion is "more reasonable alternative" in this context).

12

that where "the issue of 'insurance coverage' was actually litigated and determined in the prior declaratory action," "the parties are now barred by the doctrine of issue preclusion from relitigating this issue."[42]   The Sixth Circuit has likewise indicated that the issue of "coverage" decided in a prior declaratory judgment can have preclusive effect on later attempts to re-litigate that issue.[43]   A California court has given preclusive effect to a declaratory judgment on "coverage" where applying claim preclusion, but agreeing with courts that applied issue preclusion.[44]

22.   The doctrine of issue preclusion "is designed to promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments by precluding the relitigation of issues."[45]   Under both Texas and federal law, a party is barred by collateral estoppel from re-litigating an issue where: "(1) the facts sought to be litigated in the second action were fully and

---

[42] *Empire Fire*, 880 F.2d at 1297; *see id.* at 1296-99 (issue preclusion on "insurance coverage" issue, but not separate reimbursement issue in that case that was not actually decided).

[43] *See Stryker Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 681 F.3d 819, 824-25 (6th Cir. 2012) (though concluding issue preclusion did not apply because party to the pending action was not party to one prior declaratory judgment, observing that preclusion otherwise would have applied because that prior judgment resolved "coverage"; also holding party was precluded from raising issues it had raised in a second prior declaratory-judgment proceeding, though calling it "claim preclusion"); *see also* 18A WRIGHT & MILLER § 4446 n.15 ("Although it speaks of claim preclusion, the ruling in [*Stryker*] appears to rest on issue preclusion.").

[44] *See Aerojet-Gen. Corp. v. Am. Excess Ins. Co.*, 117 Cal. Rptr. 2d 427, 97 Cal. App. 4th 387, 392-93, 396-413 (Cal. Ct. App. 2002); *id.* at 408-09 (agreeing with results of issue-preclusion cases).

[45] *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994).

fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action."[46]

23. These elements are readily satisfied here: this proceeding involves the same parties as the declaratory-judgment action, the parties fully and fairly litigated the facts pertaining to how coverage attached, and that issue and its underlying facts were essential to the Fifth Circuit's declaratory judgment. Accordingly, Starr is precluded from now re-litigating coverage.

24. All of Starr's coverage-based defenses are precluded because they seek to re-litigate coverage. Starr's defenses in ¶ 1 expressly aim to defeat "coverage," asserting alleged policy terms as bases for W&T's breach of contract claim to fail for lack of conditions precedent to "coverage."[47] Most obviously, Starr's "debris-removal sublimit" interpretation in ¶ 1 takes a position just like the one it took in the declaratory-judgment action—arguing the Umbrella Policies limit how W&T can exhaust its underlying insurance—only this time Starr cites different alleged policy terms.[48] The Fifth Circuit held that Starr had to provide coverage, rejecting Underwriters' argument that W&T had to exhaust underlying insurance on losses also covered by the Umbrella Policies in order to satisfy the "Retained Limit" and

---

[46] *Id.*

[47] *See* Starr's Orig. Answer, p. 9, ¶ 1, *supra* note 26. The one exception, and thus the one defense in ¶ 1 on which W&T does not move for summary judgment, is Starr's defense regarding a proof of loss. That defense is flawed on the merits, but it goes to payment rather than coverage.

[48] *See id.*

trigger coverage.[49]   In asserting its "debris-removal sublimit" argument, Starr is again trying to avoid coverage through use of a policy provision to limit how W&T can satisfy the Retained Limit and trigger coverage.   Such an argument is precluded by collateral estoppel.[50]

25.      Likewise, issue preclusion bars Starr's attempt in ¶ 1 to raise other policy conditions to oppose "coverage" based on facts existing at the time it sought no-coverage declarations.   The parties litigated—and the Fifth Circuit resolved—coverage in the prior action, and Starr had every chance there to raise arguments about W&T's alleged obligations to maintain, renew, or leave unchanged the listed policies' limits.[51]   Just the same, while Starr vaguely states in ¶ 2 that particular policy language precludes W&T's breach claim, to the extent this defense seeks to use any policy terms to avoid coverage, it is barred by collateral estoppel.[52] Whether Starr has new arguments or wishes to repeat old ones, it is foreclosed from re-litigating the issue of coverage in this suit.

---

[49] *Indem. Ins. Co. of N. Am.*, 756 F.3d at 353.

[50] In the prior declaratory-action proceeding, the parties disagreed as to which version of the policies controlled, but W&T nonetheless assumed Starr's versions controlled for purposes of the summary-judgment motions.  *See generally* Ex. J (Resp. to Starr's Pet. For Reh'g (No. 13-20512, Doc. 00512702850), pp. 2-10.  Likewise, in its Fifth Circuit briefing, W&T cited exclusively to Starr's reissued version of its Umbrella Policies.  *Id.* at pp. 6-8.  Thus, the Fifth Circuit's opinion was based on Starr's reissued policy.  *Id.*

[51] *See* Starr's Orig. Answer, p. 9, ¶ 1, *supra* note 26.

[52] *See id.* at p. 9, ¶ 2.

26.  Finally, Starr's fraud allegation in ¶ 3 represents little more than an attempt to inject a "debris removal sub-limit" into the Umbrella Policies[53]—so as to avoid coverage—without having to argue for a policy interpretation that contradicts the Fifth Circuit's construction.  Had Starr believed fraud excused its obligation to provide coverage under the Umbrella Policies, it could have asserted that argument in the prior proceeding that was meant to resolve coverage.  Starr cannot side-step the Fifth Circuit's judgment through creative pleading.

27.  Starr might argue that issue preclusion does not bar its defenses because some of its arguments here are new.  But the doctrine is one of *issue* preclusion, not *argument* preclusion.  While Starr's summary-judgment motion in the prior action primarily urged one interpretive argument for *why* the Umbrella Policies do not cover W&T's ROW/D costs, and the Fifth Circuit's opinion therefore focused on that argument, Starr's and W&T's declaratory-judgment requests and W&T's summary-judgment motion undisputedly sought relief on "coverage."[54]  And the Fifth Circuit's ruling on W&T's requested declarations of coverage constituted a final adjudication on that issue.[55]  Courts applying issue preclusion to declaratory judgments regarding insurance coverage have similarly defined the "issue" for

---

[53] *See id.* at pp. 9-11, ¶ 3.

[54] *See* Ex. B (Starr's Compl.), pp. 1, 4, *supra* note 5; Ex. C (W&T's Answer & Declaratory J. Countercl.), pp. 3-6, *supra* note 9; Ex. D (W&T's Partial Mot. for Summ. J.), pp. 3-4, *supra* note 11.

[55] *See Indem. Ins. Co. of N. Am.*, 756 F.3d at 353-55.

preclusion purposes as "coverage."[56]    Texas courts similarly have defined the "issue" for preclusion purposes at that level of analysis.[57]

28.    In sum, in the prior declaratory-judgment action, the parties submitted their positions about coverage for W&T's ROW/D costs, and the Fifth Circuit resolved that issue.  Having taken a stab at avoiding coverage based on one argument, but having lost, Starr now wants to try additional arguments for avoiding coverage. Issue preclusion exists precisely to avoid this kind of piecemeal litigation.  Starr is precluded from attempting to re-litigate coverage now, and accordingly, W&T is entitled to judgment as a matter of law on Starr's coverage-based defenses.

## II. Claim Preclusion Separately Bars Starr's Coverage-Based Defenses.

29.    Due to the close overlap between claim preclusion and issue preclusion in the declaratory-judgment context, the cases described below that apply claim preclusion to prior declaratory judgments offer additional authority for this Court to find that issue preclusion is warranted.  But claim preclusion also provides an independent basis on which to dispose of Starr's coverage-based defenses.

30.    As explained above, many courts follow the key Restatement provision and hold that claim preclusion bars any attempt to re-litigate "the matters declared"

---

[56] *See, e.g.*, *Empire Fire*, 880 F.2d at 1296-99; *Stryker Corp.*, 681 F.3d at 824-25.

[57] *See, e.g.*, *Mid-Continent Cas. Co. v. Safe Tire Disposal Corp.*, 2 S.W.3d 393, 396 (Tex. App.—San Antonio 1999, no pet.) (issue of "coverage" for duty to defend precluded from re-litigation).

in a prior declaratory judgment.[58]  Courts in other jurisdictions have applied these principles specifically in the insurance context to give res judicata effect to declaratory judgments on coverage and preclude attempts to re-litigate coverage.[59] Parties cannot re-litigate matters decided in prior declaratory judgments by raising the same—or new—arguments about those matters in subsequent suits.[60]

31.  The claim-preclusion doctrine, which bars all claims that were brought *or could have been brought* based on the same factual matters,[61] generally applies when three conditions are met:

> (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action.[62]

---

[58] RESTATEMENT (SECOND) OF JUDGMENTS § 33 & cmts. b & e; *see Martin*, 989 S.W.2d at 359 (approvingly citing Restatement § 33 in addressing related issue); *MBM Financial Corp.*, 292 S.W.3d at 670 & nn.55, 58) (approvingly citing Restatement § 33 in addressing distinct issue); *see also supra* note 39 (citing additional authorities); *cf. Kaspar*, 575 F.2d at 536-38 (describing issue preclusion as the "more reasonable alternative" but not foreclosing application of claim preclusion); *but see CBS Outdoor*, 2013 WL 269091 at *4 (stating in dicta, without analysis, that only issue preclusion applies in declaratory-judgment context).

[59] *See, e.g.*, *Aerojet-Gen. Corp.*, 97 Cal. App. 4th at 392-93, 396-413; *Bankers & Shippers Ins. Co. of N.Y. v. Electro Enters., Inc.*, 415 A.2d 278, 284-88 (Md. 1980); *Howe v. Nelson*, 135 N.W.2d 687, 691-93 (Minn. 1965).

[60] *See, e.g.*, *Aerojet-General Corp.*, 97 Cal. App. 4th at 407; *Bankers & Shippers Ins. Co.*, 415 A.2d at 287.

[61] *Barr v. Resolution Trust Corp. ex. rel Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628-31 (Tex. 1992); *accord Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937-38 & n.1 (5th Cir. 2000) (federal preclusion law).

[62] *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007); *see also Ellis*, 211 F.3d at 937 (similar elements under federal law).

All of these conditions are easily satisfied as to Starr's coverage-based defenses: both Starr and W&T were parties in the declaratory-judgment action, the judgment was rendered by a court of competent jurisdiction,[63] and the Fifth Circuit's judgment was a final, binding adjudication on the merits.[64]   Further, Starr's coverage-based defenses involve the same claim as the declaratory-judgment action because they are based on the same factual subject matter,[65] with all of them involving whether W&T is entitled to coverage for its ROW/D costs.

32.   Here, as explained above, the "matters declared" by the Fifth Circuit's prior judgment are that the Umbrella Policies provide coverage to W&T for its ROW/D costs.[66]   Yet all of Starr's coverage-based defenses improperly seek to re-litigate that matter.   As explained above, the "debris-removal sublimit" argument is the same argument raised in the prior suit, only that Starr now raises a new policy provision.   All of Starr's other condition-precedent arguments about "coverage" are likewise an attempt to raise arguments it could have raised before.   Starr's attempt to raise other policy terms to avoid coverage are also foreclosed.   And Starr cannot assert a fraud defense to avoid coverage—a defense that is merely

---

[63] The declaratory-judgment action was properly in the district court under 28 U.S.C. § 1332(a) because there was diversity of citizenship between each Underwriter and W&T and the amount in controversy exceeded $75,000.  The Fifth Circuit had jurisdiction under 28 U.S.C. § 1291.

[64] *See* 28 U.S.C. § 2201(a) (declaratory judgments "shall have the force and effect of a final judgment or decree and shall be reviewable as such").

[65] *Barr*, 837 S.W.2d at 628-31.

[66] *See supra* p. 5 & notes 14-16, pp. 14-17 & notes 47-57.

another attempt at injecting its "debris-removal sublimit" argument—when it could have raised that argument in the prior coverage action.

33.  In sum, Starr "clearly went to Federal court in order to fully litigate the issues of insurance coverage.  It had its chance to present all its defenses in the forum of its choice and should not now be permitted, as defendant in a coercive action, to relitigate those issues or to bring up new issues that could have been litigated then."[67]  All of Starr's coverage-based defenses are precluded.

## CONCLUSION AND PRAYER

For the foregoing reasons, W&T asks the Court to grant Plaintiff's Motion for Partial Summary Judgment and issue an order precluding Starr from asserting as defenses: (1) that W&T failed to exhaust a "debris-removal sublimit"; (2) that W&T failed to maintain in full force and effect the appropriate policies listed in the Schedule of Underlying Insurance; (3) that W&T failed to renew the policies listed in the Schedule of Underlying Insurance with equally or less restrictive coverage; (4) that W&T improperly changed the limits of insurance of the policies listed in the Schedule of Underlying Insurance; (5) that W&T has failed to meet the applicable retentions, limits, and sub-limits of Policy No. MS-S 2775; and (6) the defense of fraud as a basis for avoiding coverage.

---

[67] *Howe*, 135 N.W.2d at 693.

Respectfully submitted,

TAUNTON, SNYDER & SLADE

*/s/ Matthew S. Parish*
Matthew S. Parish
State Bar No. 24014279
Federal Identification No. 25140
10370 Richmond Avenue, Suite 1400
Houston, Texas   77042

Attorney-in-Charge, W&T Offshore, Inc.

OF COUNSEL:

Keith R. Taunton
State Bar No. 19681100
Federal Identification No. 5372
TUCKER TAUNTON SNYDER & SLADE
10370 Richmond Avenue, Suite 1400
Houston, Texas 77042
Telephone:  (713) 961-5800
Facsimile:   (713) 993-2308

Warren W. Harris
State Bar No. 09108080
S.D. Admissions No. 11318
warren.harris@bgllp.com
Jeffrey L. Oldham
State Bar No. 24051132
S.D. Admissions No. 924613
jeff.oldham @bgllp.com
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
Telephone: (713) 221-1490
Facsimile:  (713) 221-2199

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served on all parties and/or their counsel of record pursuant to the filing requirements of the Federal Rules of Civil Procedure, on this the 8th day of June 2015.

*/s/ Matthew S. Parish*
Matthew S. Parish

22

## <u>EXHIBITS</u>

Exhibit A        Status Advice from Braemar Adjusting (No. 4:12-CV-02469, Doc. 1-2)

Exhibit B        Starr's Compl. for Decl. Judgment (No. 4:12-CV-02469, Doc. 36)

Exhibit C        W&T Offshore, Inc.'s Orig. Answer to Pl. Nat'l Liability & Fire Ins. Co.'s Compl. and Decl. Judgment and Counterclaim (No. 4:12-CV-02469, Doc. 42)

Exhibit D        W&T Offshore, Inc.'s Partial Mot. for Summary Judgment (No. 4:12-CV-02469, Doc. 50)

Exhibit E        Final Judgment (No. 4:12-CV-02469, Doc. 85)

Exhibit F        Mem. Op. & Or. (No. 4:12-CV-02469, Doc. 83)

Exhibit G        *Indem. Ins. Co. of N. Am. v. W&T Offshore, Inc.*, 756 F.3d 347 (5th Cir. 2014)

Exhibit H        Mot. to Amend Judgment [ ] & Pet. for Panel Reh'g of Starr Marine (No. 13-20512, Doc. 00512688798)

Exhibit I        Letter (No. 13-20512, Doc. 00512697660)

Exhibit J        Resp. to Starr's Pet. for Reh'g (No. 13-20512, Doc. 00512702850)

Exhibit K        Order on Pets. for Reh'g (No. 13-20512, Doc.00512707764)

Exhibit L        Starr's Mot. to Amend the Judgment (No. 4:12-CV-02469, Doc. 108)

Exhibit M        W&T's Resp. to Starr's Mot. to Amend the Judgment (No. 4:12-CV-02469, Doc. 113)

Exhibit N        Or. Denying Mot. to Amend Judgment (No. 4:12-CV-02469, Doc. 114)