IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| W&T OFFSHORE, INC., § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | C. A. NO. 4:14-CV-02740 |
| § | |
| NATIONAL LIABILITY & FIRE § | |
| INSURANCE COMPANY; § | |
| INDEMNITY INSURANCE § | |
| COMPANY OF NORTH AMERICA; § | |
| NEW YORK MARINE & GENERAL § | |
| INSURANCE COMPANY; § | |
| NAVIGATORS INSURANCE § | |
| COMPANY; AND LIBERTY MUTUAL § | |
| INSURANCE COMPANY, § | |
| § | |
| *Defendants.* § | |

**W&T OFFSHORE INC.'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST NATIONAL
LIABILITY & FIRE INSURANCE COMPANY ("STARR")
AS TO COVERAGE-BASED DEFENSES**

W&T's Motion for Partial Summary Judgment clearly articulated the limited nature of the relief W&T seeks: summary judgment on Starr's *coverage-based defenses* (as defined in the Motion), all of which attempt to limit coverage under the excess policies based on particular policy terms. In response (#32), Starr abandons several of those defenses. But Starr ignores entirely the core defense on which W&T's motion seeks summary judgment (the "debris-removal sublimit" defense), it tries to create confusion by arguing against summary judgment on issues W&T

has not even sought relief on, and it strangely argues for discovery (*i.e.*, more litigation) in the face of preclusion principles that exist precisely to bar more litigation. As a result of its misdirection, Starr fails to demonstrate any basis for avoiding the relief that W&T requests. It is time to put an end to Starr's never-ending attempts to avoid coverage. W&T files this reply to clarify the issues that are still presented by its request for partial summary judgment.

## I.     The Amount Due To W&T Is Immaterial To Its Motion.

Starr dedicates most of its response to arguing against assertions that W&T never made and relief that W&T never sought. In particular, Starr focuses on proof of the amount of loss, adjustment, and ultimate recovery for breach of contract. To be clear: W&T did not seek summary judgment on the entirety of its breach of contract claim, so it has not presented evidence of damages or sought relief on other such payment issues. W&T argued only that principles of collateral estoppel and res judicata preclude Starr's attempt to re-litigate how and when the policies provide *coverage*—the issue or matter determined by the Fifth Circuit. Accordingly, Starr's discussion about the amount of loss payable being a fact issue, or its arguments that additional discovery is needed on adjustment issues or such matters, has no bearing on the merits of W&T's motion. This summary judgment motion is about foreclosing further litigation over coverage, and Starr's attempts to obscure that issue should be ignored.

## II. Starr's Abandonment Of Some Coverage-Based Defenses Reveals The Strength Of W&T's Argument.

While Starr claims that preclusion principles do not apply here, its decision to abandon some coverage-based defenses betrays an understanding that those principles do, in fact, bar further litigation on coverage. W&T's motion requested summary judgment on six specific defenses:

> (1) that W&T failed to exhaust a "debris-removal sublimit"; (2) that W&T failed to maintain in full force and effect the appropriate policies listed in the Schedule of Underlying Insurance; (3) that W&T failed to renew the policies listed in the Schedule of Underlying Insurance with equally or less restrictive coverage; (4) that W&T improperly changed the limits of insurance of the policies listed in the Schedule of Underlying Insurance; (5) that W&T has failed to meet the applicable retentions, limits, and sub-limits of Policy No. MS-S 2775; and (6) the defense of fraud as a basis for avoiding coverage.[1]

These were all pleaded in Starr's Original Answer,[2] yet Starr's Amended Answer abandons points (2), (3), and (4).[3] W&T's request for summary judgment is thus moot as to those points.[4] But the fact that Starr abandoned those points highlights the reality that coverage-based arguments are barred from further litigation.

---

[1] W&T's Motion for Partial Summary Judgment on Coverage-Based Defenses (#26) ("Motion"), pg. 20, on file with the Court.

[2] *See* National Liability & Fire Insurance Company's Original Answer to Plaintiff W&T Offshore, Inc.'s Complaint (#4) ("Original Answer"), pg. 9, on file with the Court.

[3] *See* National Liability & Fire Insurance Company's Answer to Plaintiff W&T Offshore, Inc.'s First Amended Complaint (#31) ("Amended Answer"), pg. 14, on file with the Court.

[4] Starr re-worded point (4) in the second paragraph of its "Affirmative and Other Defenses," but also added a new sentence in the first paragraph of that section that mirrors point (4). *See id.* Thus, W&T's request for summary judgment on point (4) remains live and applies to both sentences.

### III. Starr Litigated Coverage In The Declaratory Judgment Action And Is Foreclosed From Re-Litigating That "Issue" Or "Matter Declared".

Starr's Amended Answer still claims that a "debris-removal sublimit" must be satisfied before the Umbrella Policies provide coverage, that some retentions or limits have not been met, and that alleged fraud is a basis for avoiding coverage.[5] There is no merit to any of Starr's attempts to avoid the preclusive effect of the Fifth Circuit's coverage ruling on these defenses.

First, Starr does not seriously deny that these defenses go to the issue of coverage, nor could it.[6] Remarkably, Starr does not even *mention* the "debris-removal sublimit" or unsatisfied retentions or limits, offering no attempt to explain how these two defenses would not be barred if the "issue" or "matters declared" is defined as "coverage." Starr's silence on the debris-removal sublimit is especially notable because that defense seeks to re-litigate the precise argument that the Fifth Circuit rejected, namely that there are limits on how W&T can exhaust the Umbrella Policies' Retained Limit.[7] As for the fraud defense, Starr states that it was not

---

*See id.* Starr also has expanded its allegations of a failure to provide proof of loss, *see id.*, which is not at issue in W&T's summary judgment request and thus has no bearing here.

[5] *See id.*

[6] *See* Motion, pgs. 14-17 (explaining why each defense seeks to re-litigate coverage and is thus barred).

[7] *See Indem. Ins. Co. of N. Am. v. W&T Offshore, Inc.*, 756 F.3d 347, 353-55 (5th Cir. 2014); *see also* Motion, pgs. 14-15 (explaining that Starr's argument uses a different policy provision to make the same argument about how W&T can satisfy the Retained Limit and trigger coverage).

litigated in the declaratory-judgment action,[8] but does not deny that the defense is a basis for avoiding coverage. Starr does not explain how the failure to raise this coverage *argument* somehow avoids issue or claim preclusion.[9] Thus, if "coverage" is the "issue" or "matter" previously decided (as addressed next), these defenses are barred.

Second, it is also clear that "coverage" was what the Fifth Circuit decided, and Starr's attempts to narrow the "issue" resolved are baseless. In some places, Starr appears to acknowledge that the Fifth Circuit resolved coverage, as where it recognizes that the Fifth Circuit "adjudicated the first part of [the "Loss Payable" clause regarding "[c]overage"]: when the retained limit is met so that the [Umbrella Policies] apply."[10] Elsewhere, however, Starr appears to contend that the "issue" decided was narrower and includes only the specific *argument* raised on appeal, even suggesting that "not all identified coverage issues were addressed."[11] To support that contention, though, Starr cites the Fifth Circuit's statement of the *argument*

---

[8] Starr's Opposition to W&T's Motion for Partial Summary Judgment on Coverage-Based Defenses (#32) ("Opposition"), pgs. 8, 16-19, on file with the Court.

[9] *See* Motion, pgs. 16-17 ("[T]he doctrine is one of *issue* preclusion, not *argument* preclusion."). According to its response, even if Starr proved fraud, it would mean only that Starr's reissued policy would determine coverage. But as pointed out on numerous occasions—including below, *see infra* pgs. 7-8—the Fifth Circuit issued its opinion based on that very policy. In short, Starr's fraud defense can have no effect on coverage because the Fifth Circuit has already determined coverage under the policy Starr contends should apply.

[10] Opposition, pg. 12.

[11] *See e.g., id.* at pgs. 7-8, 10, 12-13.

5

accepted by the district court and raised on appeal.[12] Again, that does not define the *issue* decided in that case.[13] As W&T's Motion explained, the "issue" decided in the declaratory-judgment action was—as set forth in W&T's summary judgment motion (and its answer), on which the Fifth Circuit granted relief—"coverage."[14] Starr offers no response whatsoever on that point. Nor does Starr address the legal authorities W&T cited that have applied collateral estoppel to "coverage" issues.[15]

Accepting Starr's narrow characterization of the issue litigated would lead to precisely the sort of waste of resources that preclusion principles aim to prevent. Starr joined the prior declaratory-judgment action and, in response to W&T's request for a declaration of "coverage," argued the Umbrella Policies would not attach unless W&T exhausted its underlying coverage solely by claims also covered by the Umbrella Policies.[16] That policy interpretation was the sole basis that Starr chose to offer for denying coverage.[17] But Starr had every opportunity in that case to raise whatever arguments against coverage that it wanted. There can be no dispute that

---

[12] *Id.* at pgs. 7-8, 12-13.

[13] *See* Motion, pgs. 16-17.

[14] *Id.* at pgs. 4-5, 14-17.

[15] *See id.* at pgs. 12-14, 16-17.

[16] *See* Starr's Complaint for Declaratory Judgment (No. 4:12-CV-02469, Doc. 36) ("Starr's Dec Action Complaint"), attached as Exhibit B to W&T's Motion for Partial Summary Judgment on Coverage-Based Defenses (#26), on file with the Court.

[17] *Id.*

the issue or matter that the parties litigated and the Fifth Circuit resolved was coverage.

Third, Starr is off-base with its extended arguments concerning the amount of loss and payment issues, or the mistaken notion that "W&T's position [is] that any and all defenses to breach of contract were determined" by the Fifth Circuit.[18] W&T simply did not invoke issue or claim preclusion to determine the quantum of Starr's payment obligation or to establish Starr has breached the insurance contract. All of Starr's arguments about those points are irrelevant.

Fourth, Starr is incorrect to say that res judicata does not apply to affirmative defenses.[19] Starr cites a district court case, but ignores that the Fifth Circuit has held that "[i]f the [res judicata required] conditions are satisfied, claim preclusion prohibits either party from raising any claim **or defense** in the later action that was or *could have been* raised in support of or in opposition to the cause of action asserted in the prior action." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994) (citing *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) (italics in original, bold emphasis added)).

---

[18] *See, e.g.,* Opposition, pgs. 8-16.

[19] *See id.* at pgs. 12-14, 16-17.

Finally, Starr's argument that the Fifth Circuit did not rule based on Starr's version of the policy is baseless.[20] W&T explained this already: the parties litigated, and the Fifth Circuit decided, the coverage dispute using Starr's version of the policy.[21] On this point, Starr simply ignores the record reviewed, and the opinion rendered, by the Fifth Circuit.

For these reasons, Starr's coverage-based defenses and arguments are foreclosed by either issue preclusion or claim preclusion—or both, given the close overlap between the doctrines in the declaratory-judgment context. The Fifth Circuit resolved the issue of coverage in the prior action, and Starr had every chance there to make any arguments it believed limited its coverage obligation to W&T. Starr cannot re-litigate coverage in this case.

## IV. No Fact Issues Preclude Judgment On Starr's Coverage-Based Defenses, And No Discovery Is Needed Or Warranted.

Starr argues that more discovery is needed and that material fact issues exist, but it only cites issues on which W&T has not moved for summary judgment, such as the "amount owed." Those issues do not remotely bear on the coverage issues on

---

[20] *See id.* at pgs. 18.

[21] *See* Motion at pg. 15 n.50; *see also* Resp. to Starr's Pet. for Reh'g (No. 13-20512, Doc. 00512702850) and W&T's Resp. to Starr's Mot. to Amend the Judgment (No. 4:12-CV-02469, Doc. 113), attached as Exhibits J and M, respectively, to W&T's Motion for Partial Summary Judgment on Coverage-Based Defenses (#26), both on file with the Court.

which W&T has moved for summary judgment. Accordingly, they offer no basis for refusing to grant W&T's motion.

To the extent Starr suggests it needs more discovery on any coverage issue, that concept runs contrary to the whole point of issue and claim preclusion. These doctrines are meant to *foreclose* further litigation on issues actually decided or matters resolved. Starr's attempt to avoid these doctrines by asking for additional litigation on issues or matters covered by them is, to put it mildly, strange. Granting W&T summary judgment motion is appropriate on this record and will expedite the discovery process by narrowing the scope of discovery and focusing the parties on the issues that are, in fact, disputed.

## **CONCLUSION AND PRAYER**

For the foregoing reasons, W&T asks the Court to grant Plaintiff's Motion for Partial Summary Judgment and issue an order precluding Starr from asserting as defenses: (1) that W&T failed to exhaust a "debris-removal sublimit"; (2) that W&T has failed to meet the applicable retentions, limits, and sub-limits of Policy No. MS-S 2775; and (3) the defense of fraud as a basis for avoiding coverage.

Respectfully submitted,

TAUNTON, SNYDER & SLADE

*/s/ Matthew S. Parish*
Matthew S. Parish
State Bar No. 24014279
Federal Identification No. 25140

mparish@tsslawfirm.com
10370 Richmond Avenue, Suite 1400
Houston, Texas   77042

Attorney-in-Charge, W&T Offshore, Inc.


OF COUNSEL:

Keith R. Taunton
State Bar No. 19681100
Federal Identification No. 5372
ktaunton@tsslawfirm.com
TAUNTON, SNYDER & SLADE
10370 Richmond Avenue, Suite 1400
Houston, Texas 77042
Telephone:  (713) 961-5800
Facsimile:   (713) 993-2308

Warren W. Harris
State Bar No. 09108080
S.D. Admissions No. 11318
warren.harris@bgllp.com
Jeffrey L. Oldham
State Bar No. 24051132
S.D. Admissions No. 924613
jeff.oldham@bgllp.com
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
Telephone: (713) 221-1490
Facsimile:  (713) 221-2199

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served on all parties and/or their counsel of record pursuant to the filing requirements of the Federal Rules of Civil Procedure, on this the 10th day of July 2015.

                                        */s/ Matthew S. Parish*  
                                        Matthew S. Parish