IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W&T OFFSHORE, INC., | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | C. A. NO.  4:14-CV-02740 |
| | § | |
| NATIONAL LIABILITY & FIRE | § | |
| INSURANCE COMPANY; et al. | § | |
| *Defendants.* | § | |

---

**NAVIGATORS INSURANCE COMPANY, NEW YORK MARINE &
GENERAL INSURANCE COMPANY, AND INDEMNITY
INSURANCE COMPANY OF NORTH AMERICA'S
MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING
W&T OFFSHORE, INC.'S EXTRA-CONTRACTUAL CLAIMS AND
ALTERNATIVE MOTION FOR JUDGMENT AS A MATTER OF
LAW**

---

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................iii

I.    SUMMARY OF THE ARGUMENT ......................................................... 2

II.   EXHIBITS ................................................................................ 3

III.  STATEMENT OF FACTS ............................................................... 3

IV.   ARGUMENT AND AUTHORITIES ......................................................... 7

    A.   Summary Judgment Standard ........................................................... 7

    B.   Legal Standard .......................................................................... 8

    C.   The Independent Injury Requirement: W&T Admits It Has No Independent Tort Damage Other Than a Claim for Entitlement to Policy Benefits. ........................................................................ 9

    D.   W&T's Lack of Evidence to Support Extra-Contractual Claims and Evidence Supporting Dismissal. ....................................................12

        1.   The Texas Standard for Proving Common Law and Statutory "Bad Faith" Claims. .................................................................13

        2.   W&Ts Own Expert Establishes That It Has No Support for Extra-Contractual Claims Against Defendants. ........................15

        3.   W&T's Exemplary Damages Claim and Its Standard of Proof. .16

V.    CONCLUSION AND PRAYER ................................................................ 18

CERTIFICATE OF SERVICE.................................................................20

EXHIBIT APPENDIX..........................................................................21

# <u>TABLE OF AUTHORITIES</u>

*Cases*                                                                          *Page(s)*

*Amarillo Hospitality Tenant, LLC v. Massachusetts Bay Ins. Co.*,
2015 WL 1954053 (N.D. Tex. 2015) ......................................................14,15

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ................................................................................. 7

*Aranda v. Ins. Co. of N. Am.*,
748 S.W.2d 210 (Tex. 1988) ..................................................................... 12

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1976) (Brennan, J., dissenting) ................................................7

*Chrysler Ins. Co. v. Greenspoint Dodge of Houston, Inc.*,
297 S.W.3d 248 (2009) ............................................................................11

*Commercial Union Ins. Co. v. Walbrook Ins. Co.*,
7 F.3d 1047 (1st Cir. 1993)..........................................................................4

*DaimlerChrysler Ins. Co. v. Apple*,
265 S.W.3d 52, 70 (Tex. App.—Houston [1st Dist.] 2008) ..........................11

*Douglas v. State Farm Lloyds*,
37 F. Supp. 2d 532 (S.D. Tex. 1999) ......................................................... 12

*Great Am. Ins. Co. v. AFS/IBEX Fin. Servs.*,
No. 3:07-CV-924-O, U.S. Dist. LEXIS 81961 (N.D. Tex. 2011) ...................11

*Hamburger v. State Farm Mut. Auto. Ins. Co.*,
361 F.3d 875, 880 (5th Cir. 2004) ..............................................................8

*Higginbotham v. State Farm Mut. Auto Ins. Co.*,
103. F.3d 456, 459 (5th Cir. 1997) ........................................................... 13

*Indem. Ins. Co. v. W & T Offshore, Inc.,*
756 F.3d 347 (5th Cir. 2014) ......................................................... 6

*Indem. Ins. Co. v. W&T Offshore, Inc.,*
2013 U.S. Dist LEXIS 111551 (S.D. Tex. 2013) ............................... 5

*In re DEEPWATER HORIZON,*
No. 12–311, 2014 WL 5524268 (E.D. La. Oct. 31, 2014) ...................... 10, 12

*Lawson v. Potomac Ins. Co.,*
1998 WL 641809 (N.D. Tex. 1998) ............................................... 13

*Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.,*
739 F.3d 848, 869-70 (5th Cir. 2014) ............................................ 8

*Lundy v. Masson,*
260 S.W.3d 482 (Tex. App.—Houston [14th Dist.] 2008) ...................... 16

*Lyda Swinerton Builders, Inc. v. Oklahoma Sur. Co.,*
No. 4:12-CV-1759, U.S. Dist. LEXIS 102152, n. 2 (S.D. Tex. 2015) ....... 10, 12

*MacIntire v. Armed Forces Benefit Ass'n,*
27 S.W.3d 85 (Tex. App.—San Antonio 2000, no pet.) ......................... 9

*Maryland Ins. Co. v. Head Industrial Coatings & Services, Inc.,* 906
S.W.2d 218 (Tex. App.—Texarkana 1995, no writ) ............................ 9

*Mid-Continent Cas. Co. v. Eland Energy Co.,*
709 F.3d 515 (5th Cir. 2013) ...................................................... 8

*Minnesota Life Ins. Co. v. Vasquez,*
192 S.W.3d 774, 780 (Tex. 2006) ................................................. 15

*Nino v. State Farm Lloyds,*
2014 WL 6674418 (S.D. Tex. 2014) ............................................ 13, 14

*Parkans Int'l, LLC v. Zurich Ins. Co.,*
299 F.3d 514(5th Cir. 2002) ...................................................... 10

*Paz v. Lloyds,*
2015 WL 8471024 (E.D. Tex. [Sherman Div.] 2015) ....................................15

*Progressive County Mut. Ins. Co. v. Boyd,*
177 S.W.3d 919, 922 (Tex. 2005) ............................................................... 13

*Provident Am. Ins. Co. v. Castaneda,*
988 S.W.2d 189 (Tex. 1998) ........................................................................9

*Rooters v. State Farm Lloyds Ins. Co.,*
428 Fed. App'x 441 (5th Cir. 2011) ..........................................................17

*State Farm Fire & Case. Co. v. Simmons,*
963 S.W.2d 42, 44 (Tex. 1998) .................................................................. 14

*State Farm Lloyds v. Nicolau,*
951 S.W.2d 444 (Tex. 1997) ...................................................................... 14

*Terry v. Safeco Ins. Co. of America,*
930 F.Supp.2d 702 (S.D. Tex. 2013) ...................................................10, 12

*Tracy v. Chubb Lloyds Ins. Co.,*
No. 4:12-CV-042-A, 2012 U.S. Dist. LEXIS 89866 (N.D. Tex. 2012) ......... 10

*Transp. Ins. Co. v. Moriel,*
879 S.W.2d 10, (Tex. 1994) ................................................................ 14, 17

*Trenholm v. Ratcliff,*
646 S.W.2d 927, 933 (Tex. 1983) ...............................................................17

*Tucker v. State Farm Fire and Cas. Co.,*
981 F.Supp. 461 (S.D. Tex. 1997) ............................................................. 14

*Twin City Fire Ins. Co. v. Davis,*
904 S.W.2d 663, (Tex. 1995) ......................................................................9

*United Serv. Auto. Ass'n v. Gordon,*
103 S.W.3d 436 (Tex. App.—San Antonio 2003, no pet.) ...........................9

*United States v. Four Parcels of Real Prop.,*
  941 F.2d 1428 (11th Cir. 1991) (en banc) ....................................................... 7

*Universe Life Ins. Co. v. Giles,*
  950 S.W.2d 48, 64 (Tex. 1997) ............................................................. 13,17

## *Statutues*

TEXAS INSURANCE CODE § 541 ..................................................................... 10

## *Rules*

FED. R. CIV. P. 50(a) ...................................................................................... 2

FED. R. CIV. P. 56 ........................................................................................... 1

FED. R. CIV. P. 56(c) ...................................................................................... 7

TEXAS CIVIL PRACTICE & REMEDIES CODE § §41.003 .......................................17

TEXAS CIVIL PRACTICE & REMEDIES CODE § §41.001 (7) .................................. 16

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W&T OFFSHORE, INC., | § | |
|     *Plaintiff,* | § | |
| | § | |
| V. | § | C. A. NO. 4:14-CV-02740 |
| | § | |
| NATIONAL LIABILITY & FIRE | § | |
| INSURANCE COMPANY; et al. | § | |
|     *Defendants.* | § | |

---

**NAVIGATORS INSURANCE COMPANY, NEW YORK MARINE &
GENERAL INSURANCE COMPANY, AND INDEMNITY
INSURANCE COMPANY OF NORTH AMERICA'S
MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING
W&T OFFSHORE, INC.'S EXTRA-CONTRACTUAL CLAIMS AND
ALTERNATIVE MOTION FOR JUDGMENT AS A MATTER OF
LAW**

---

Pursuant to Federal Rule of Civil Procedure 56, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA ("IINA"), NAVIGATORS INSURANCE COMPANY ("Navigators") and NEW YORK MARINE & GENERAL INSURANCE COMPANY ("New York Marine") (collectively "Defendants"), Defendants in the above-styled cause, file this Motion for Partial Summary Judgment Regarding W&T Offshore, Inc.'s Extra-Contractual Claims ("Motion").[1] Alternatively, IINA, Navigators, and New

---

[1] If this Court grants D.E. 105 (IINA, New York Marine, and Navigator's Motion for Summary Judgment on Exhaustion as to the MS-S 2776 Policy), that will resolve all issues related to MS-S 2776. This Motion will then only be relevant as to New York

1

York Marine move under FRCP 50(a) for judgment as a matter of law before the claims are submitted to the jury.    In support of this Motion, IINA, Navigators, and New York Marine would show as follows:

## I.
## SUMMARY OF ARGUMENT

W&T Offshore, Inc. ("W&T") alleges that it is entitled to extra-contractual damages from Defendants under Chapter 541 of the Texas Insurance Code, Texas common law, and the Texas Civil Practice and Remedies Code. However, all of these claims warrant dismissal on two separate grounds, either of which is dispositive.  First, W&T must incur an injury that is independent of its alleged loss of policy benefits to sustain any extra-contractual claim.  And here, W&T has admitted that it has not incurred such an independent injury.

Second, W&T has no evidence to support its extra-contractual claims. To the contrary, the evidence exonerates Defendants from W&T's extra-contractual allegations and proves that they were and continue to be reasonable and statutorily compliant in their handling of W&T's claims, which remain in dispute and the subject of ongoing review.

---

Marine and Navigators as to MS-S 2775. Similarly, if the Court grants Navigators and New York Marine's Motion for Summary Judgment regarding the Following Underwriter Clauses, it will resolve all issues relative to both MS-S 2775 and MS-S 2776 as to Navigators and New York Marine.

## II.
## EXHIBITS

In support of this Motion, Defendants attach exhibits "A" through "L." All of the following summary judgment evidence is incorporated by reference into this Motion as if fully restated herein and gathered in the attached Appendix.

| | |
|---|---|
| **Exhibit A:** | Excess Policy No. MS-S 2776; |
| **Exhibit B:** | Excess Policy No. MS-S 2775; |
| **Exhibit C:** | Excess Policy No. MS-S 2774; |
| **Exhibit D:** | Lawrence Laurie 9/15/16 Deposition Excerpts; |
| **Exhibit E:** | Paul Ferguson 7/15/16 Deposition Excerpts; |
| **Exhibit F:** | Tammy Zapoli Affidavit; |
| **Exhibit G:** | Robert Kachnick Affidavit; |
| **Exhibit H:** | Michael Gabriele Affidavit; |
| **Exhibit I:** | Jared Kroh Affidavit; |
| **Exhibit J:** | Paul Ferguson 1/8/16 Deposition Excerpts; |
| **Exhibit K:** | Lawrence Laurie 7/27/16 Deposition Excerpts; and |
| **Exhibit L:** | Affidavit of Robert M. Browning. |

## III.
## STATEMENT OF FACTS

This dispute concerns insurance coverage under multiple excess insurance policies. Plaintiff W&T Offshore, Inc. ("W&T") filed suit against its excess insurance providers ("Defendants") on September 24, 2014, alleging that Defendants failed to timely pay for claims covered by excess

insurance policies issued to W&T by Defendants.[2]  W&T asserts causes of action for breach of contract, violations of the Texas Insurance Code, and common law bad faith.[3]

In September 2008, Hurricane Ike struck the Gulf of Mexico damaging numerous W&T platforms, wells, pipelines, and other facilities.[4] W&T was insured under a group of policies, including an energy marine package ("Energy Package"), a commercial general liability ("CGL") policy, and multi-layer excess-liability umbrella policies (the "Excess Policies").[5] The Excess Policies provided multiple layers of coverage over and above the Energy Package and the CGL policy.[6]

National Liability & Fire Insurance Company ("Starr") issued two excess marine liability policies to W&T (hereinafter "MS-S 2774"[7] and "MS-S 2775"), comprising the first two layers of excess coverage totaling $25

---

[2] D.E. 1, W&T Offshore, Inc.'s Original Complaint.  Note also, as a general matter, Excess Policies provide two types of insurance coverage:  (1) excess coverage for events also covered by other underlying insurance policies that provide primary protection and (2) primary coverage for events not covered by other policies.  *See Commercial Union Ins. Co. v. Walbrook Ins. Co.*, 7 F.3d 1047, 1053 (1st Cir. 1993).  This case concerns the first scenario only.

[3] D.E. 29.

[4] Exhibit "D," p. 13:24-14:6.

[5] Exhibit "D," p. 14:7-16.

[6] Exhibit "D," p. 14:7-24 (and Exhibit 2 thereto).

[7] This policy was issued by both Liberty Mutual Insurance Company ("Liberty") and Starr.  Liberty was the lead underwriter.

million.[8]  The third layer of excess marine coverage is provided by policy MS-S 2776, which provides $25 million in excess coverage.[9]  Defendant IINA subscribes to 50% of MS-S 2776, while New York Marine and Navigators subscribe to the remaining 30% and 20% respectively.[10]  All of the Excess Policies are endorsed to include coverage for removal of wreck and debris ("ROWD") expenses; however, they do not provide coverage for property damage and operators extra expense.[11]

After a lengthy period of adjustment, by the spring of 2014, the Energy Package and CGL policies were exhausted.[12]  In a separate cause, Defendants sought declaratory judgment that the Excess Policies are triggered only if the underlying insurance (the Energy Package and the CGL coverage) is exhausted by payment of the ROWD claim. *See Indem. Ins. Co. v. W&T Offshore, Inc.*, 2013 U.S. Dist. LEXIS 111551 (S.D. Tex. 2013).  The district court granted Defendants' motions in July 2013 and W&T appealed. *Id.*  During the pendency of the appeal, W&T submitted its ROWD claim of approximately $40 million to the excess insurers.[13]

---

[8] Exhibit "B," Policy No. MS-S 2775; Exhibit "C," Policy No. MS-S 2774.  Starr and Liberty subscribed to MS-S 2774 at 50% each.  Starr also subscribed to MS-S 2775 at 50%, while New York Marine and Navigators subscribed at 33.3% and 16.67% respectively.  IINA does not subscribe to MS-S 2775.
[9] Exhibit "D," p. 14:7-24 (and Exhibit 2 thereto).
[10] Exhibit "A;" Exhibit "D," p. 14:14-24 (and Exhibit 2 thereto).
[11] *See* Exhibits "A" – "C."
[12] Exhibit "D," pp. 14:25-16:3.
[13] D.E. 29, ¶ 42.

On June 23, 2014, the Fifth Circuit reversed the district court's judgment and rendered judgment for W&T, holding in pertinent part that exhaustion of the underlying Energy and CGL policies is not limited to payment of ROWD claims. *Indem. Ins. Co. v. W & T Offshore, Inc.*, 756 F.3d 347 (5th Cir. 2014).[14]  On July 25, 2014, W&T demanded full payment of its claim under the Excess Policies.[15]  Excess Policy MS-S 2774 paid its limits.[16]  The underwriters subscribing to the second layer Excess Policy (MS-S 2775) declined to pay limits of that policy without a full and complete adjustment and W&T subsequently filed this action on September 24, 2014.[17]  To date, no payments have been made under the second-layer MS-S 2775 policy.[18]  Further, no final adjustment has been completed.[19]

With respect to the Motion, W&T alleges that Defendants violated Chapter 541 of the Texas Insurance Code[20] and it is, therefore, entitled to "treble damages."[21] W&T also alleges that Defendants are in "bad faith" for

---

[14] There were Motions for Rehearing and the Final Judgment and Mandate were issued on July 30, 2014.

[15] Exhibit "D," p. 16:14-17.

[16] Exhibit "D," p. 16:18-20.

[17] In November 2014, Starr decided to pay its 50% portion of the $10 million limit on the MS-S 2774 (first layer) policy, as it appeared that the MS-S 2774 layer would be exhausted. Starr has not agreed to pay its portion of the MS-2775 (second layer) policy. Exhibit "E," p. 148:22-149:17; D.E. 1 (indicating a filing date of September 24, 2014); Exhibit "J," pp. 90:23-92:13.

[18] Exhibit "D," p. 17:9-13.

[19] Exhibit "E," pp. 148:22-149:17, 155:2-24, 156:9-157:24, 158:5-23, and 262:10-18.

[20] D.E. 29, ¶¶74-84.

[21] D.E. 29, ¶84.

breaching common law obligations[22], and it requests exemplary damages against Defendants pursuant to the Texas Civil Practice & Remedies Code.[23] As established herein, W&T is entitled to none of these damages.

**IV.**
**ARGUMENT AND AUTHORITIES**

**A.      Summary Judgment Standard**

Summary judgment is proper if the pleadings, discovery on file, and any affidavits, show that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c). To be entitled to summary judgment, the moving party must "support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1976) (Brennan, J., dissenting).  If the moving party makes such a showing, then the burden shifts to the non-moving party to produce "significant, probative evidence" demonstrating a genuine issue of material fact.  *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc).  A court should no longer ask whether a scintilla or less of evidence exists, but instead, whether the non-movant could, on the strength of the record evidence, carry the burden of persuasion with a reasonable jury.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

---

[22] D.E. 29, ¶¶85-89.
[23] D.E. 29, ¶90.

**B.    Legal Standard**

To prove breach of the duty of good faith and fair dealing, W&T must show (1) that Defendants denied or delayed payment of a claim, (2) Defendant knew or should have known that coverage for the claim was reasonably clear, and (3) that breach of the duty proximately caused damages independent of the benefits W&T would receive under the insurance contract. *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 869-70 (5th Cir. 2014); *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 880 (5th Cir. 2004).

W&T cannot prove elements (2) or (3) because W&T admits (1) it has no damage independent of the policy benefits and (2) the alleged acts do not qualify as "bad faith" as a matter of law. Absent legally sufficient evidence of bad faith, common law and statutory claims are subject to summary judgment. *Mid-Continent Cas. Co. v. Eland Energy Co.*, 709 F.3d 515 (5th Cir. 2013).

**C.    The Independent Injury Requirement: W&T Admits It Has No Independent Tort Damage Other Than a Claim for Entitlement to Policy Benefits**

To prevail on any of its extra-contractual claims[24], W&T must demonstrate that "the complained of actions or omissions caused injury independent of those that would have resulted from a wrongful denial of policy benefits." *Parkans Int'l, LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002), *citing Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 198-99 (Tex. 1998) ("no recovery for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of those resulting from the wrongful denial of benefits."). Under established Texas law, the independent injury damages required to be proven do not include amounts allegedly owed under the insurance policy. *Castaneda*, 988 S.W.2d at 199; *Twin City Fire Ins. Co. v. Davis*, 904 S.W.2d 663, 665-67 (Tex. 1995); *see also Maryland Ins. Co. v. Head Industrial Coatings & Services, Inc.*, 906 S.W.2d 218, 231-32 (Tex. App.—Texarkana 1995, no writ); *United Serv. Auto. Ass'n v. Gordon*, 103 S.W.3d 436, 442 (Tex. App.—San Antonio 2003, no pet.); *MacIntire v. Armed Forces Benefit Ass'n*, 27 S.W.3d 85, 92 (Tex. App.—San Antonio

---

[24] W&T's extra-contractual claims were asserted under Chapter 541 of the Texas Insurance Code, the common law duty of good faith and fair dealing, and §§ 41.001, *et seq.* of the Texas Civil Practice & Remedies Code. *See* D.E. 29, ¶¶62-90.

2000, no pet.); *Parkans Int'l LLC,* 299 F.3d at 519 (a Texas insurance dispute case, noting that "[t]here can be no recovery for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of those that would have resulted from wrongful denial of policy benefits"); *In re DEEPWATER HORIZON,* No. 12–311, 2014 WL 5524268, at *14–17 (E.D. La. Oct. 31, 2014) (Barbier, J.) (holding that a claim under Chapter 541 of the Insurance Code requires an independent injury).

In a recent case from the Northern District of Texas, the court dismissed the insured's extra-contractual claims and stated the following:

> The starting point here is the recognition that Texas law does not, as a general rule, consider a Texas Insurance Code or common-law good faith and fair dealing claim to be viable unless the insured has suffered damages beyond the damages claimed for, or resulting from, breach of the insurance policy contract.

*Tracy v. Chubb Lloyds Ins. Co.,* No. 4:12-CV-042-A, 2012 U.S. Dist. LEXIS 89866, at *5 (N.D. Tex. 2012); *see also Terry v. Safeco Ins. Co. of America,* 930 F.Supp.2d 702, 712 (S.D. Tex. 2013) [J. Rosenthal]; *Lyda Swinerton Builders, Inc. v. Oklahoma Sur. Co.,* No. 4:12-CV-1759, U.S. Dist. LEXIS 102152, n. 2 (S.D. Tex. 2015) [J. Ellison] ("<u>It appears that federal courts in the Fifth Circuit **must** require an independent injury for extra-contractual claims</u> . . ." (emphasis added)). Furthermore, the "independent injury"

requirement cannot be avoided by claiming non-recoverable forms of damages as those separate from the actual breach of contract claims. *See, e.g., See, e.g., Great Am. Ins. Co. v. AFS/IBEX Fin. Servs.*, No. 3:07-CV-924-O, U.S. Dist. LEXIS 81961, *14 (N.D. Tex. 2011). Finally, Texas courts have considered extra-contractual claims and found that even where the insurer breached the policy, the insured could not recover extra-contractual claims when the only damages at issue were the contract damages. *DaimlerChrysler Ins. Co. v. Apple*, 265 S.W.3d 52, 70 (Tex. App.—Houston [1st Dist.] 2008), *aff'd in part and rev'd in part on other grounds, Chrysler Ins. Co. v. Greenspoint Dodge of Houston, Inc.*, 297 S.W.3d 248 (2009).

During its corporate deposition, W&T admitted that it did not suffer any injury that is independent of the allegedly due policy benefits.[25] Specifically, W&T stipulated:

[Counsel for Starr]    Okay. Is there any other damage that these bad-faith acts have caused W&T that is independent of the 30 million or whatever is left of policy benefits that W&T is seeking?[26]

* * *

. . . I need somebody to testify as to what independent damages, if any. That's a topic on the — [27]

---

[25] *See* Exhibit "K," p. 207:25-209:3.
[26] Exhibit "K," p. 205:22-25.
[27] Exhibit "K," pp. 207:25-208:2.

| [Counsel for W&T] | Well, I knew you – and that's why I – Karen, I know where you're going with it. And I'll tell you there's no independent injury . . . [I]n terms of what we've included in the . . . actual damages . . . and the way we've articulated it, it's simply the policy proceeds . . . But right now we don't have what is pled, an independent injury arising from bad faith. It is simply the policy proceeds.[28] |

Because of this admission, W&T's extra-contractual claims should be dismissed as a matter of law; in fact, they "<u>must</u>" be dismissed according to Judge Ellison in the *Lyda Swinerton Builders* case.[29]

## D.    W&T's Lack of Evidence to Support Extra-Contractual Claims and Evidence Supporting Dismissal

W&T's extra-contractual claims also should be dismissed for a second, independent reason – W&T has no evidence to sustain its trial burden of proof, and all evidence in this case (including W&T's own testimony) supports Defendants' actions.

---

[28] Exhibit "K," p. 208:3-14.

[29] *Lyda Swinerton Builders, Inc.,* No. 4:12-CV-1759, U.S. Dist. LEXIS 102152, n. 2 (S.D. Tex. 2015); *see also In re Deepwater Horizon*, 807 F.3d 689 (5th Cir. 2015), acknowledging the Fifth Circuit "independent injury" rule but recognizing that the Texas Supreme Court has not formally addressed the issue since 1998 (when it required "independent injury"); *Terry*, 930 F.Supp. 2d at 713 (citing *Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 214 (Tex. 1988) (the lack of an independent injury is fatal to a bad faith claim under Texas law); *Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532, 544 (S.D. Tex. 1999).

1.    The Texas Standard for Proving Common Law and Statutory "Bad Faith" Claims

Under Texas law, "bad faith" liability must be premised on an insurer's unreasonableness in processing a claim. *Universe Life Ins. Co. v. Giles,* 950 S.W.2d 48, 64 (Tex. 1997). To establish a breach of the common law duty of good faith and fair dealing, an insured like W&T bears the burden of proving: (1) that the insurer had no reasonable basis for denying or delaying payment of the claim; and (2) that the insurer knew or should have known that it had no reasonable basis for denying or delaying payment. *Id.* at 63; *Nino v. State Farm Lloyds,* 2014 WL 6674418 *1, *9 (S.D. Tex. 2014).

This two-part test likewise applies to claims asserted under the Texas Insurance Code. *Progressive County Mut. Ins. Co. v. Boyd,* 177 S.W.3d 919, 922 (Tex. 2005). "According to Texas law, extra-contractual tort claims pursuant to the Texas Insurance Code . . . require the same predicate for recovery as bad faith causes of action." *Lawson v. Potomac Ins. Co.,* 1998 WL 641809 at *4 (N.D. Tex. 1998), *citing Higginbotham v. State Farm Mut. Auto Ins. Co.,* 103. F.3d 456, 459 (5th Cir. 1997). Stated another way, "Plaintiff's extra-contractual claims live or die depending on whether

Plaintiff's bad-faith claim has any viability." *Tucker v. State Farm Fire and Cas. Co.*, 981 F.Supp. 461, 465 (S.D. Tex. 1997).

One way for an insured to establish "bad faith" is to affirmatively prove that the claim denial was based on a "biased investigation intended to construct a pretextual basis for denial." *Nino*, 2014 WL 6674418 at *11, quoting *State Farm Fire & Case. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998). The insured can alternately prove that an insurer's expert report "was not objectively prepared and based on inadequate information and that the insurance carrier was aware of the report's questionable validity." *Id.*, *citing State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997). But, "[i]n Texas, reliance on the opinion of an independent expert is a reasonable basis for denial of a claim as a matter of law." *Tucker* 981 F.Supp. at 466 (summary judgment granted to defendant insurer).

If the evidence merely establishes a bona fide dispute about the insurer's liability, such as when there is a disagreement between experts, or even if the insurer was simply incorrect about the factual basis for denying the claim, there can be no finding of "bad faith" liability. *Amarillo Hospitality Tenant, LLC v. Massachusetts Bay Ins. Co.*, 2015 WL 1954053 at *4 (N.D. Tex. 2015) (summary judgment granted to defendant insurer), *citing Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17-18 (Tex. 1994). With

these standards in mind, the Texas Supreme Court has held that extra-contractual damages generally are reserved "for cases in which an insurer knew its actions were false, deceptive, or unfair." *Minnesota Life Ins. Co. v. Vasquez*, 192 S.W.3d 774, 780 (Tex. 2006). The court further held that statutory extra-contractual damages should not be "a routine addition to every breach-of-policy case." *Id.* Texas courts also have routinely dismissed extra-contractual claims on summary judgment grounds where the insured simply has no evidence to support such claims, as is the case here. *See, e.g., Amarillo Hospitality Tenant*, 2015 WL 1954053 at *4; *Paz v. Lloyds*, 2015 WL 8471024 (E.D. Tex. [Sherman Div.] 2015).

### 2.  W&Ts Own Expert Establishes That It Has No Support for Extra-Contractual Claims Against Defendants

W&T's expert designation states that it retained Burl Daniel to comprehensively evaluate its "bad faith" claims, as well as those under the Texas Insurance Code, against all Defendants, including movants.[30] Mr. Daniel issued his lengthy report on January 11, 2016,[31] and in its approximately 20 pages, there is not a single mention of any supposed "bad faith" or statutory violations by movant Defendants.[32]

---

[30] *See* Exhibit "K," Attachment "1" (W&T's *First Amended Designation of Experts* at pp. 2-3).
[31] *See* Exhibit "K," Attachment "2" (Insurance Expert Report of Mr. Burl Daniel, dated January 11, 2016).
[32] *Id.*

More importantly, W&T's corporate representative, Larry Laurie, testified that W&T agrees with Mr. Daniel's expert report.[33] W&T has, therefore, admitted that the movants did not commit bad faith.

Finally, W&T's accusation and opinions are not evidence, so there is no evidence that the movants committed bad faith at common law or under the Texas Insurance Code.   Since Mr. Daniel did not discuss a single wrongful action by IINA, New York Marine, or Navigators within his expert report, W&T cannot meet its burden and summary judgment should be granted.

### 3.   W&T's Exemplary Damages Claim and Its Standard of Proof

Finally, W&T requests exemplary damages under "Tex. Civ. Prac. & Rem. Code § 41.001" due to the "malice" of Defendants.[34] "Malice means a specific intent by the defendant to cause substantial injury or harm to the claimant" and requires "legally sufficient evidence . . . that the act was likely to result in serious harm and that the defendant was consciously indifferent to the risk of harm." TEX. CIV. PRAC. & REM. CODE § 41.001(7); *Lundy v. Masson*, 260 S.W.3d 482, 496 (Tex. App.—Houston [14th Dist.] 2008). Exemplary damages for a defendant's malice may only be awarded if the

---

[33] Exhibit "D," pp. 61:13-62:16.
[34] D.E. 29, ¶ 90.

claimant proves them by "clear and convincing evidence." TEX. CIV. PRAC. &

REM. CODE § 41.003.

To the extent that W&T seeks exemplary damages, the Texas

Supreme Court has stated the following:

> [A]n insurance carrier's refusal to pay a claim cannot justify
> punishment unless the insurer was actually aware that its action
> would probably result in extraordinary harm not ordinarily
> associated with breach of contract or bad faith denial of a claim
> -- such as death, grievous physical injury, or financial ruin. . . .
> The harm must be independent and qualitatively different from
> the sort of injuries that typically result from bad faith or breach
> of contract.

*Giles*, 950 S.W.2d at 57, *citing Moriel*, 879 S.W.2d at 24; *Trenholm v.

Ratcliff*, 646 S.W.2d 927, 933 (Tex. 1983). The Fifth Circuit has made the

same pronouncement as the Texas Supreme Court that as a general rule,

delay or denial of a claim cannot justify exemplary damages unless the

insurer "was actually aware that its action would probably result in

extraordinary harm not ordinarily associated with breach of contract or bad

faith denial of a claim – such as death, grievous physical injury, or financial

ruin." *Rooters v. State Farm Lloyds Ins. Co.*, 428 Fed. App'x 441 (5th Cir.

2011).

For the same numerous reasons discussed above, W&T plainly has *no*

evidence satisfying this standard, much less "clear and convincing"

evidence as required by TEX. CIV. PRAC. & REM. CODE § 41.003. To the contrary, the evidence favors dismissal of all exemplary damages claims.

## V.
## CONCLUSION AND PRAYER

There are multiple, independent bases for this summary judgment to be granted. Should the Court agree with even one of them, Defendants request that this Motion be granted and W&T's common law and statutory bad faith claims be dismissed with prejudice.

*SIGNATURE ON FOLLOWING PAGE*

Respectfully submitted,

**BROWN SIMS, P.C.**

By: _____
     Kenneth G. Engerrand
     Texas State Bar No. 06619500
     Federal I.D. No. 2078
     kengerrand@brownsims.com
     Robert M. Browning
     Texas State Bar No. 00796264
     Federal I.D. No. 21097
     rbrowning@brownsims.com
     1177 West Loop South, Tenth Floor
     Houston, Texas 77027-9007
     Telephone:  (713) 629-1580
     Facsimile:  (713) 629-5027


**LARZELERE PICOU WELLS SIMPSON LONERO, LLC**

By: _____ /key KMB w/ permission
     J. Daniel Picou
     Texas State Bar No. 24029015
     Email: jpicou@lpwsl.com
     Wilson L. Maloz III
     Texas State Bar No. 24080600
     Email: wmaloz@lpwsl.com
     3850 N. Causeway Blvd., Suite 1100
     Metairie, Louisiana 70002
     Telephone: 504.834-6500
     Facsimile:  504.834-6565

*ATTORNEYS-IN-CHARGE FOR DEFENDANT NAVIGATORS INSURANCE COMPANY, NEW YORK MARINE & GENERAL INSURANCE COMPANY, AND INDEMNITY INSURANCE COMPANY OF NORTH AMERICA*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been served on all parties and/or their counsel of record on the 3rd day of October 2016, in compliance with the Federal Rules of Civil Procedure.

| | |
|---|---|
| Norman S. Snyder<br>Keith R. Taunton<br>Matthew Parish<br>TUCKER, TAUNTON, SNYDER & SLADE, P.C.<br>10370 Richmond Avenue, Suite 1400<br>Houston, TX 77042 | J. Clifton Hall, III<br>Candace A. Ourso<br>HALL, MAINES, & LUGRIN, P.C.<br>Williams Tower, 64th Floor<br>2800 Post Oak Blvd.<br>Houston, TX 77056-6125 |
| J. Daniel Picou<br>Wilson Maloz<br>Larzelere Picou Wells Simpson Lonero, LLC<br>Two Lakeway Center, Suite 1100<br>3850 N. Causeway Boulevard<br>Metairie, LA 70002 | Fred Hagans<br>Scott G. Burdine<br>William Hagans<br>Hagans Burdine Montgomery & Rustay, P.C.<br>3200 Travis, Fourth Floor<br>Houston, Texas 77006 |
| Warren W. Harris<br>Jeffrey L. Oldham<br>Bracewell, LLP<br>711 Louisiana Street, Suite 2300<br>Houston, Texas 77002 | |

Robert M. Browning

## <u>EXHIBIT APPENDIX</u>

**Exhibit A:**      Excess Policy No. MS-S 2776;

**Exhibit B:**      Excess Policy No. MS-S 2775;

**Exhibit C:**      Excess Policy No. MS-S 2774;

**Exhibit D:**      Lawrence Laurie 9/15/16 Deposition Excerpts;

**Exhibit E:**      Paul Ferguson 7/15/16 Deposition Excerpts;

**Exhibit F:**      Tammy Zapoli Affidavit;

**Exhibit G:**      Robert Kachnick Affidavit;

**Exhibit H:**      Michael Gabriele Affidavit;

**Exhibit I:**      Jared Kroh Affidavit;

**Exhibit J:**      Paul Ferguson 1/8/16 Deposition Excerpts;

**Exhibit K:**      Lawrence Laurie 7/27/16 Deposition Excerpts; and

**Exhibit L:**      Affidavit of Robert M. Browning.